# HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellant,*

*v.*

# DAIRYLAND INSURANCE COMPANY, *Respondent.*

545 P2d 113

*Robert L. Cowling* of Ford & Cowling, Medford, argued the cause and filed briefs for appellant.

*Ralph C. Spooner,* Salem, argued the cause for respondent. With him on the brief was Bruce W. Williams, P. C., Salem.

HOLMAN, J.

## HOLMAN, J.

This is an action by one insurer against another for contribution. Plaintiff appeals from a judgment for defendant which was rendered when a demurrer was sustained to plaintiff's complaint for failure to state a cause of action and plaintiff refused to plead further.

Curtis Brown was injured by the negligence of an uninsured motorist while a passenger in a vehicle operated by Doyle Brown and owned by Jodie A. Bond. Both of the Browns were using the vehicle with the consent of Bond. Plaintiff, Curtis Brown's insurer, paid Brown under both the uninsured motorist and personal injury protection provisions of its policy for losses resulting from his injuries. It then brought this action for contribution from defendant, the owner Bond's insurer. The sole question is whether defendant also had coverage of Curtis Brown for his losses paid by plaintiff.

The provisions of both plaintiff's and defendant's policies were substantially identical except that defendant's policy on the Bond vehicle contained a driver restriction endorsement purporting to exclude coverage when the vehicle was operated by anyone under 25 years of age. Doyle Brown, the driver at the time of the accident, was under 25 years of age. Defendant's position is that the endorsement resulted in no coverage of any kind for the accident. The specific restriction was:

"The coverages afforded by the policy do not apply while the insured automobile is being driven by any person under the age of twenty-five unless such person is named in the policy."

While admitting that the language of the endorsement would prevent coverage of any kind, plaintiff contends the exclusion is void since it conflicts with the uninsured motorist coverage required by statute. At the time the policy was issued and the accident occurred the statutory provisions relating to uninsured motorist coverage were:

ORS 743.789 "Every motor vehicle liability policy

insuring against loss suffered by any natural person resulting from liability imposed by law for bodily injury or death arising out of the ownership, maintenance or use of a motor vehicle shall provide uninsured motorist coverage therein or by endorsement thereon when such policy is * * *

"(1) Issued for delivery in this state: * * *

"* * * * *."

ORS 743.792 "Every policy required to provide the coverage specified in ORS 743.789 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. * * *.

"(1) (a) The insurer will pay all sums which the insured, * * * shall be legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured vehicle. * * *.

"* * * * *.

"(2) As used in this policy:

"(a) 'Insured,' when unqualified, means when applied to uninsured motorist coverage:

"* * * * *.

"(B) Any other person while occupying an insured vehicle provided the actual use thereof is with the permission of the named insured;

"* * * * *."[1]

Defendant counters by pointing out that the statutes intended only those persons who are "insureds" under the terms of the policy to be covered. It contends that since the operator of the vehicle in which Curtis Brown was a passenger was less than 25 years of age, the vehicle was not "insured" due to the driver restriction endorsement, which fact precluded Curtis Brown from being an "insured" as defined in the statutes

---

[1] All statutes are those which were in effect immediately subsequent to the effective date of Oregon Laws 1971.

since he was not occupying an "insured vehicle." ORS 743.792 provided that

> "* * * [t]he insurer will pay all sums which the insured * * * shall be legally entitled to recover * * * from the owner or operator of an uninsured vehicle * * *. As used in this policy * * * '[i]nsured,' when unqualified, means * * * [a]ny other person while occupying an *insured vehicle* provided the * * * use * * * is with the permission of the named insured * * *." (Emphasis ours.)

Defendant also contends that the words of the statute, " 'Insured,' when unqualified, means * * *" indicate that it was contemplated that the definition of an insured may be restricted by provisions in the policy.

It is our conclusion that the legislature did not intend that the uninsured motorist coverage should be subject to qualification by such an under-age restriction. The language purports to specifically exclude the insured from uninsured motorist coverage by a provision that relates primarily to the liability coverage of the policy. The restriction is inserted to exclude responsibility for loss caused by a high risk class of drivers of the insured vehicle. This risk has little relation to the risk which is covered by uninsured motorist insurance because such coverage appertains to the risk created by the uninsured motorist.[2] As a result, any such limitation of or exclusion from uninsured motorist coverage would defeat on an arbitrary basis the legislative aim of providing protection to those injured by the negligence of an uninsured motorist. Defendant charged a premium for uninsured motorist coverage and when a circumstance exists which has little relation to the risk for which such premium was paid, an intention cannot thereby be ascribed to the legislature to permit exclusion from such coverage.[3] In view of the

---

[2]See language used in *First National Insurance Co. of America v. Devine,* 211 So 587, 589 (Fla App 1968).

[3]*See Murray v. Western Pacific Insurance Company,* 2 Wash App 985, 472 P2d 611 (1970) for a similar situation in which the court found the policy to be ambiguous.

purpose of such legislation, had the legislature intended to permit such a restriction, we are sure it would have made its intention plainer.

Plaintiff makes an argument that the Oregon statute demonstrates an intent that there be no exclusion of any kind which limits uninsured motorist coverage, while defendant claims to the contrary.[4] However, it is unnecessary for us to decide this broader question because, in any event, the legislature could not have reasonably intended to allow exclusion or limitation of such coverage on the basis of a risk that bears such a remote relation to it.[5]

As previously indicated, part of the loss plaintiff paid and for which it seeks contribution resulted from medical and disability claims under the personal injury protection provisions of its policy.[6] The parties make the same argument in relation to these payments as they do to those made under the uninsured motorist provisions. Although the age of the driver *is* relevant to the coverage under the personal injury protection provision,[7] it is unnecessary to decide whether such coverage was excluded by the driver

---

[4] A discussion of this subject with differing results may be found in *California Cas. Indem. Exch. v. Steven*, 5 Cal App 3d 304, 85 Cal Rptr 82 (1970), and *Southeast Title and Insurance Co. v. Thompson*, 231 So 2d 201 (Fla 1970). Neither statute which is construed is exactly identical with Oregon's. *Also see Chakalos v. Phoenix Insurance Co.*, 110 NH 321, 267 A2d 573 (1970).

[5] At least one text writer believes that the Oregon statute permits no exclusions from uninsured motorist coverage. See Widiss, A Guide to Uninsured Motorist Coverage 36 n. 7, § 2.13 (Supp 1974).

[6] The provisions of the statute relating to personal injury protection coverage were:

ORS 743.800 "Every motor vehicle liability policy issued for delivery in this state that covers any private passenger motor vehicle * * * shall provide to the person insured thereunder and * * * guest passengers injured while occupying the insured motor vehicle * * * the following hospital, medical and disability benefits for each accident:
"* * * * *"

[7] The driver's age is relevant because the personal injury protection provisions cover the risk of injury from any source to guest passengers and such source could be the negligence of the under-age driver.

restriction endorsement. All claims paid by plaintiff could have been recovered by the insured from both plaintiff and defendant under the uninsured motorist provision of the respective policies because the claims represented damages for which the operator of the uninsured vehicle was responsible. The insured's total claims were less than the limits of the uninsured motorist coverage of either policy. Plaintiff is subrogated to any rights the insured might have to recover the claims against defendant, and one of these rights is recovery under the uninsured motorist provision of defendant's policy. The possibility of duplication of coverage under the uninsured motorist and personal injury protection provisions is recognized by ORS 743.835:

> "Payment of any benefit required by ORS 743.800 to or for any insured * * * shall be applied in reduction of the amount of damage that the insured may be entitled to recover from any insurer under * * * uninsured motorist coverage for the same accident."

The judgment of the circuit court is reversed and the case is remanded for further proceedings.