505 A.2d 1338

**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Thomas E. MILLER et al.**

**No. 136, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 24, 1986.

Timothy E. Fizer (A. Douglas Owens, on brief), Baltimore, for appellant.

Charles E. Wilson, Jr. (Thomas Patrick Ryan, on brief), Rockville, for appellees.

Argued Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) Specially Assigned.

ELDRIDGE, Judge.

This case concerns the scope and effect of a named driver exclusion under Maryland Code (1957, 1979 Repl.Vol.), Art. 48A, § 240C–1, in an automobile insurance policy. Thomas E. Miller, plaintiff below and one of the appellees here, was injured in an automobile accident on March 8, 1981. The accident occurred while Miller was a passenger in a car owned by Darlene Rush[1] and driven by her late husband, Michael Rush. The Rush car collided with another car driven by Larry Rotenbury and owned by Eva Rotenbury. The Rotenburys are not involved in this appeal.

Nationwide Mutual Insurance Company, appellant here and defendant below, insured Darlene Rush's car. The policy contained an endorsement purporting to void all coverage whenever Mr. Rush drove his wife's car. Mr. Miller carried his own automobile insurance with Horace Mann Insurance Company. The question before us is whether Miller should recover uninsured motorist benefits from the insurer of the Rush car (Nationwide) or from his own insurer (Horace Mann).

This issue came before the Circuit Court for Baltimore County when the plaintiffs, Thomas and Leslie Miller, sought a declaratory judgment that either Nationwide or Horace Mann was liable to them. After hearing argument on May 7, 1984, the trial court held that Nationwide was liable for all damages recoverable against the driver to the extent of the limits of coverage for the uninsured motorist portion of the policy. Nationwide filed an appeal to the

---

1. Darlene Rush is now Darlene Bopp.

Court of Special Appeals, and, while the case was pending in that court, we issued a writ of certiorari.

The resolution of the question presented involves a construction of the Insurance Code provisions dealing with permissible exclusions for named drivers in automobile insurance policies, Maryland Code (1957, 1979 Repl.Vol.), Art. 48A, § 240C–1. We are asked to determine whether a named excluded driver endorsement under § 240C–1 prevents a passenger, otherwise covered as an additional insured, from collecting uninsured motorist benefits under Art. 48A, § 541(c), when the insured vehicle, while driven by the excluded driver, is in a collision.

At the time of the accident in this case, § 240C–1 provided:

"Exclusion of named driver.

(a) In any case where an insurer is authorized under this article to cancel or nonrenew or increase the premiums on an automobile liability insurance policy under which more than one person is insured because of the claim experience or driving record of one or more but less than all of the persons insured under the policy, the insurer shall in lieu of cancellation, nonrenewal, or premium increase offer to continue or renew the insurance, but to exclude from coverage, by name, the person or persons whose claim experience or driving record would have justified the cancellation or nonrenewal. The premiums charged on any such policy excluding a named driver or drivers shall not reflect the claims experience or driving record of the excluded named driver or drivers.

(b) With respect to any person excluded from coverage under this section, the policy may provide that the insurer shall not be liable for damages, losses, or claims arising out of the operation or use of the insured motor vehicle, whether or not such operation or use was with the express or implied permission of a person insured under the policy. (1972, ch. 73, § 1; 1973, ch. 622.)"

The uninsured motorist provision in § 541(c) stated in pertinent part:

"(c) Uninsured motorist coverage.—In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance ... shall contain coverage ... for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle.

\* \* \* \* \* \*

"In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A, §§ 243H and 243-I [defining claims which may be made against the Maryland Automobile Insurance Fund].

Nationwide's policy covering the Rush car named Michael Rush as an excluded driver pursuant to § 240C-1 in the following terms: "With this endorsement, the *ALL* coverages in your policy are not in effect while the following named person is operating any motor vehicle: *Michael A. Rush.*" At the hearing before the trial court, the parties to this appeal stipulated that there was no claim that, in issuing the policy with such an endorsement, Nationwide violated the procedures required by §§ 240AA through 240C-1.

Nationwide contends that § 240C-1 and the policy endorsement permit it to consider the policy on the Rush car void while Michael Rush drives the car.[2] Otherwise, according to Nationwide, the purpose of § 240C-1 would be defeated. Nationwide argues that, if the claimant can circumvent the exclusion of liability coverage by claiming under the uninsured motorist portion of the policy, then the insur-

---

2. At trial and in this Court Nationwide conceded that the policy would be void only as to claims arising from the excluded individual's driving of the car. Thus it would not apply when the excluded driver parks and the car is subsequently damaged or stolen.

er is still exposed to risks posed by the bad driver, while forbidden to reflect those risks in its premium.

Horace Mann conceded at trial that it would be obligated to pay Mr. Miller's uninsured motorist claim if Nationwide is not held liable. However, Horace Mann argues that § 240C–1 must be narrowly construed, so that the Rushes' uninsured motorist coverage from Nationwide, required by § 541(c), remains applicable to Mr. Miller. According to Horace Mann, Nationwide is required to provide uninsured motorist coverage in at least those situations where the Maryland Automobile Insurance Fund would provide coverage, and no provision concerning the Fund excludes coverage for *passengers* in vehicles driven by named excluded drivers.

Moreover Horace Mann reads the opening clause of § 240C–1(b), which states "[w]ith respect to any person excluded from coverage under this section," as eliminating only the *excluded driver's* claims for liability coverage, defense of the lawsuit and personal injury protection coverage, as well as liability claims made by others, but not uninsured motorist claims by *passengers.* Noting that occupants of other cars are protected by the insurers of the other cars, and that pedestrians are protected by the Maryland Automobile Insurance Fund, Horace Mann contends that "innocent" passengers with the named excluded driver should recover the statutory minimum uninsured motorist benefits from the insurer of the car in which they were riding.

We believe that the position urged by Horace Mann would defeat the purpose of the named excluded driver provision in § 240C–1. As the plain language of that section shows, the purpose was to exclude risks arising from the named person's negligence in driving the car. If the uninsured motorist coverage on a vehicle were deemed applicable when the driver is excluded from the vehicle's ordinary liability coverage, then the insurer would in effect still be insuring the liable driver, who had a bad claims or

driving record, but the insurer would be denied the appropriate premium.

Other jurisdictions generally agree that when a named excluded person drives, passengers in the otherwise insured vehicle may recover under neither liability nor uninsured motorist coverages from the vehicle's insurer. *McCullough v. Standard Fire Ins. Co. of Ala.*, 404 So.2d 637 (Ala.1981); *Southeast Title and Ins. Co. v. Thompson*, 231 So.2d 201 (Fla.1970); *State Farm Auto Ins. Co. v. Kiehne*, 97 N.M. 470, 641 P.2d 501 (1982). *Contra, Hartford Accident & Indem. Co. v. Dairyland Ins. Co.*, 274 Or. 145, 545 P.2d 113 (1976).

Under the facts of this case, our construction of the statutory provisions accords with the legislative policy reflected in § 541(c) of generally making insurance coverage available to the victims of accidents caused by the negligence of uninsured motorists. It allows such a recovery from the insurer in a position to calculate and charge for the risk assumed, here Horace Mann. Mr. Miller's premium to Horace Mann presumably reflects the risk of his being injured because of an uninsured driver's negligence.[3]

---

**3.** It is noteworthy that the matter has been further dealt with by the General Assembly in legislation effective July 1, 1985. Ch. 698 of the Acts of 1985 amends § 240C–1 to read in pertinent part:

"... The policy may be endorsed to specifically exclude all coverage for any of the following when the named excluded driver is operating the motor vehicle(s) covered under the policy whether or not that operation or use was with the express or implied permission of a person insured under the policy:

(i) The excluded operator or user;

(ii) The vehicle owner;

(iii) Family members residing in the household of the excluded operator or user or vehicle owner; and

(iv) *Any other person, except for the coverage required by §§ 539 and 541(c)(2) of this article if such coverage is not available under any other automobile policy.*" *(Emphasis added.)*

The same legislation also amends § 541(c) concerning uninsured motorist coverage as follows:

"... However, the insurer may exclude from coverage benefits for:

(i) ...

Horace Mann relies upon the general principle that provisions in insurance policies which attempt to limit or create exclusions from coverage mandated by the Legislature, where such limitations or exclusions are not specifically authorized by statute, are ordinarily void. (Brief, pp. 11–12). Horace Mann relies on two recent opinions of this Court, *Nationwide Mutual Ins. v. Webb*, 291 Md. 721, 436 A.2d 465 (1981); *Pennsylvania Nat'l Mut. v. Gartelman*, 288 Md. 151, 416 A.2d 734 (1980). The insurer also points out that the reasoning of the *Gartelman* case was expressly reaffirmed in *DeJarnette v. Federal Kemper Ins. Co.*, 299 Md. 708, 725, 475 A.2d 454 (1984). *See*, in addition, *Jennings v. Government Employees Ins.*, 302 Md. 352, 488 A.2d 166 (1985). In the *Gartelman*, *Webb* and *Jennings* cases, however, the policy provisions held void were not specifically authorized by statute; they were held to be in conflict with the statutorily mandated coverage. In the instant case, on the other hand, the named driver exclusion provision of the policy, at least as applied in the circumstances of this case, was specifically authorized by statute. In this regard, the present case is like *DeJarnette*, where the Court gave effect to a policy exclusion which was specifically authorized by the General Assembly.

*JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR ENTRY OF A JUDGMENT CONSISTENT WITH THIS OPINION. APPELLEE HORACE MANN INSURANCE COMPANY TO PAY COSTS.*

---

(ii) the named insured, members of his family residing in the household, and *all other persons having other applicable automobile insurance* and occupying, or struck as a pedestrian by, the insured motor vehicle operated or used by a person excluded from coverage under § 240C–1 of this article." (Emphasis added.)

Under the circumstances of this case, the result would be no different if the new statute were applicable; Mr. Miller would still recover from his own insurer, Horace Mann, and not from Nationwide.