743 P.2d 7

**EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff/Appellant,**

v.

**Robert E. McKEON, an individual; Jay Edward McKeon, an individual; and Joan L. McKeon, Defendants/Appellees.**

**2 CA–CV 87–0071.**

Court of Appeals of Arizona, Division 2, Department B.

June 25, 1987.

Review Granted Oct. 20, 1987.

Jennings, Kepner & Haug by Craig R. Kepner, Mario Horwitz and Jack R. Cunningham, Phoenix, for plaintiff/appellant.

Hofmann, Salcito, Stevens & Myers, P.A. by Robert D. Myers and Leroy W. Hofmann, Phoenix, for defendants/appellees.

OPINION

LACAGNINA, Judge.

In this case, decided by the trial court on stipulated facts and cross-motions for summary judgment, judgment was awarded to Robert E. McKeon, Jay Edward McKeon

and Joan L. McKeon declaring that uninsured motorist coverage was available to Jay Edward McKeon for damages he suffered while driving an automobile owned by his brother, Michael McKeon. The sole issue is whether an endorsement pursuant to A.R.S. § 28–1170(B)(3) permits the exclusion of the designated person from uninsured motorist coverage required by A.R.S. § 20–259.01. We hold that an endorsement to exclude coverage provided by a personal automobile policy for loss, damage and/or liability caused while an automobile is being driven by a designated individual is valid and excludes coverage under every provision of the policy, including the uninsured motorist provisions. We reverse and remand for entry of judgment in favor of Employers Mutual Casualty Company (Employers).

### FACTS

The following stipulated facts are relevant:

2. Robert E. McKeon, Joan L. McKeon, and Jay Edward McKeon are individual residents of the County of Maricopa, State of Arizona. Robert E. McKeon and Joan L. McKeon are the natural parents of Jay Edward McKeon, age 22. On and before November 16, 1985, Jay Edward McKeon has been a member of the household of Robert E. McKeon and Joan L. McKeon.

\* \* \* \* \* \*

4. On and before November 16, 1985, Employers had in force a policy of automobile insurance, policy number A18–99–82, with Robert E. McKeon as the named insured. The policy had uninsured motorist coverage of $300,000.00 and medical payments coverage of $5,000.00 available to injured "family members." As part of this policy, Robert E. McKeon executed an endorsement on or about December 20, 1983, entitled: "Endorsement Voiding Automobile Insurance While A Certain Person Is Operating Automobile", a true and correct copy of which is attached to the Complaint as part of Exhibit "1". The execution of this endorsement was witnessed by Joan

L. McKeon, as reflected by her signature which appears thereon.

5. On November 16, 1985, Jay Edward McKeon was involved in an automobile accident with an uninsured motorist while operating a 1983 Dodge automobile owned by Michael McKeon, the brother of Jay Edward McKeon. Michael McKeon is not a member of the household of Robert E. McKeon and Joan L. McKeon, and lives in the State of Utah where he serves in the military. The Dodge automobile was insured with Allstate Insurance Company through its Policy No. 00776348608/17 001 10 6 85, and Allstate has paid its limit of $20,000 per person to Jay Edward McKeon under its uninsured motorists provision as a result of the November 16, 1985 accident.

\* \* \* \* \* \*

7. On or about February 19, 1986, Robert E. McKeon and Jay Edward McKeon made demand upon Employers for payment in the sum of $285,000 pursuant to the uninsured motorists and medical payments coverages provided under Policy No. A18–99–82.

8. Employers has advised the defendants that the endorsement attached to the Complaint as part of Exhibit "1" is applicable to the accident involving Jay Edward McKeon.

9. In arriving at the decision to exclude coverage for Jay Edward McKeon, Employers took the following facts under consideration:

a. On September 11, 1981, Jay Edward McKeon was cited for a speeding violation in Maricopa County for which he was fined $168;

b. On July 11, 1982, Jay Edward McKeon was cited for reckless driving in Maricopa County, and was fined $112, and had his drivers license suspended for 90 days;

c. On July 22, 1983, Jay Edward McKeon was cited for a moving violation in Maricopa County, and was fined $50.00; and

d. On August 7, 1984, Jay Edward McKeon was cited for excessive speed

in Maricopa County, and was fined $85.82.

The endorsement referred to by the stipulated facts states:

### ENDORSEMENT VOIDING AUTOMOBILE INSURANCE WHILE A CERTAIN PERSON IS OPERATING AUTOMOBILE

In consideration of the continuation of this policy in force by the Company, it is hereby agreed that, with respect to such insurance as is afforded under all coverage provided herein the Company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy, or any other automobile to which the terms of the policy are extended, is being driven or operated by the following named person

Jay Edward McKeon

Provided, the named insured accepts this endorsement as witness his signature, and,

Provided further, that, unless this endorsement is revoked in writing by the Company, this endorsement shall be a part of this or any renewal policy with the same policy number issued by the company.

/s/ Joan L. McKeon
Witness

/s/ Robert E. McKeon
Named Insured

---

The endorsement is unambiguous and permitted by A.R.S. § 28–1170(B)(3), which provides:

> B. The owner's policy of liability insurance must comply with the following requirements:
>
> *  *  *  *  *  *
>
> 3. It may by agreement in writing between any named insured and the insurer exclude as insured any person or persons designated by name when operating a motor vehicle.

As a condition for continuing the policy in force, the insured agreed that "with respect to such insurance as is afforded under all coverage provided herein the Company shall not be liable" while any automobile covered by the policy was being driven or operated by Jay Edward McKeon. The "personal auto policy" purchased by Robert E. McKeon included coverage for liability, Part A, medical payments, Part B, uninsured motorists, Part C, and property damage, Part D.

The words "all coverage" includes coverage under Part C, uninsured motorists. The condition which relieves Employers from all loss, damage and/or liability was Jay Edward McKeon's driving a covered automobile. No other interpretation of the plain meaning of the language agreed to by the parties to the endorsement is possible. There is no language contained in A.R.S. § 20–259.01 which prohibits the agreement permitted by A.R.S. § 28–1170(B)(3), and both statutes must be read *in pari materia. State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985); *Chase v. State Farm Mutual Automobile Ins. Co.,* 131 Ariz. 461, 465, 641 P.2d 1305, 1309 (App.1982).

In *State Farm Auto Insurance Company v. Dressler,* 153 Ariz. 527, 738 P.2d 1134 (1987), the interpretation of A.R.S. § 28–1170(B)(3) was an issue, and the court in that case stated:

> Accordingly, we hold that State Farm's driver exclusion endorsement validly insulated State Farm from any liability or obligation under appellant Donald Dressler's automobile liability policy for any claim generated as a result of Joyce Dressler's operating the insured vehicle.

At 531, 738 P.2d at 1138. In *Torrez v. State Farm Mutual Automobile Ins. Co.,* 130 Ariz. 223, 635 P.2d 511 (App.1981), Division One of this court said:

> The endorsement contains two paragraphs.... The first paragraph absolves appellee of liability for damages sustained while Brian is operating any *insured* vehicle. Since Brian was driving the insured Rambler at the time of the accident, appellee's liability is controlled by this paragraph which provides that appellee 'shall not be liable and no liability or obligation *of any kind* shall attach to the company for losses or dam-

414

age sustained' while Brian is operating an insured vehicle. Therefore, the exclusion is effective to absolve appellee of any liability arising from this accident. 130 Ariz. at 228, 635 P.2d at 516 (emphasis in opinion). The legislature has enacted statutes governing automobile insurance so that motorists in Arizona can acquire protection from the hazards associated with driving. In providing this protection it has determined that where an insurer is justified in refusing to sell any insurance coverage at all (because a particular person's driving is unacceptable), nevertheless, the best interests of the parties and the public is served by permitting an insurer to continue coverage on the express written and agreed condition that it will not be liable for claims based on the conduct of the unacceptable driver. The purpose of A.R.S. § 28–1170(B)(3) is to afford a family insurance coverage otherwise not available without the endorsement because one member of the family has a terrible driving record. *Under the endorsement and statutes Jay Edward McKeon is not an insured while driving an automobile,* and Employers is not liable under its policy for his losses and damages suffered while he was operating a motor vehicle. Nothing in *Spain v. Valley Forge Insurance Company,* 152 Ariz. 189, 731 P.2d 84 (1986), and *Calvert v. Farmers Insurance Company,* 144 Ariz. 291, 697 P.2d 684 (1985), prevents the result in this case. These cases dealt only with other vehicle and offset exclusions of an insurance policy as affecting uninsured motorist coverage. Neither case involved a driver excluded as an insured from coverage by a valid endorsement.

We reject the argument urged by McKeons that because coverage is afforded by the medical payments and uninsured motorist provisions when Jay Edward McKeon is not driving, it necessarily includes coverage when he is driving. This argument defies logic. The exclusion endorsement insulates Employers from any obligation under the policy for any claim arising while Jay Edward McKeon is driving or operating an automobile.

Reversed and remanded for entry of judgment in favor of Employers.

LIVERMORE, P.J., and ROLL, J., concur.