765 P.2d 513

**EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff/Appellant,**

v.

**Robert E. McKEON, an individual; Jay Edward McKeon, an individual; and Joan L. McKeon, Defendants/Appellees.**

No. CV–87–0312–PR.

Supreme Court of Arizona, En Banc.

Sept. 22, 1988.

Jennings, Kepner & Haug by Craig R. Kepner, Randy L. Sassaman, Phoenix, for plaintiff/appellant.

Hofmann, Salcito, Stevens & Myers, P.A. by Robert D. Myers, Leroy W. Hofmann, Phoenix, for defendants/appellees.

FELDMAN, Vice Chief Justice.

Petitioners seek review of a decision denying insurance benefits under a policy's "named driver exclusion." We granted review to define the permissible application of such clauses to uninsured motorist coverage, a matter of first impression in Arizona. Rule 23(a), Ariz.R.Civ.App.P., 17B A.R.S. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTUAL AND PROCEDURAL SUMMARY

The facts are undisputed. Joan and Robert McKeon purchased automobile insurance with Employers Mutual Casualty

Company (Employers) with limits of $300,-000 for liability *and* uninsured motorist coverage, plus $5,000 in medical payments coverage. The policy initially provided full coverage to their son Jay because he was a family member. However, from 1981 to 1983, Jay received a series of traffic citations for speeding and reckless driving. Employers finally refused to keep the policy in force unless Joan and Robert agreed to sign an endorsement excluding Jay from "all coverage" under the policy whenever he drove any automobile. Joan and Robert McKeon signed this "named driver exclusion" [1] on December 20, 1983.

While driving his brother's car in 1985, Jay was severely injured in a crash with an uninsured motorist. Jay's brother had a separate insurance policy on his car. This insurer paid Jay its uninsured motorist limit of $20,000.

Jay and his father then demanded that Employers pay additional uninsured motorist benefits [2] and $5,000 in medical pay coverage to compensate Jay for his injuries. Relying on the named driver exclusion, Employers refused to pay. Instead, Employers sued Jay and his parents (the McKeons), seeking a declaratory judgment that it was not obligated to provide benefits to Jay.

The parties both moved for summary judgment on an agreed statement of facts. Rule 4(f), Ariz.Unif.R.Prac.Super.Ct., 17B A.R.S. Employers argued that A.R.S. § 28–1170(B)(3) (allowing named driver exclusions) permitted Jay's exclusion from uninsured motorist coverage notwithstanding A.R.S. § 20–259.01 (requirements for uninsured motorist coverage). Employers also argued that if the exclusionary clause were contrary to A.R.S. § 20–259.01, Jay could receive only the $15,000 statutory minimum coverage. Minute Entry, Sept. 9, 1986.

The McKeons made two counterarguments. First, the language of the exclusionary clause was intended only to bar liability for harm to others "caused" by Jay's driving, not harm that Jay suffered from others. Under this reasoning, Jay could recover uninsured motorist benefits to the extent he was not responsible for the accident. Thus, the named driver exclusion did not preclude Jay's claim. Second, A.R.S. § 20–259.01 mandated uninsured motorist coverage in automobile insurance policies. The "named driver exclusion" permitted by A.R.S. § 28–1170(B)(3) applied *only* to liability coverage, not to uninsured motorist benefits.

The trial court granted summary judgment to the McKeons and denied Employers' motion. The court held that the policy benefits were not limited to $15,000, and instead covered Jay's entire loss to the applicable policy limits. By way of explanation, the trial court adopted "the reasoning of the [McKeons] as set forth in the pleadings and as stated in oral argument." Minute Entry, Sept. 9, 1986. Employers appealed.

The court of appeals reversed. It first determined that the named driver endorsement was an unambiguous attempt to exclude Jay from all coverage under the policy. *Employers Mutual Casualty Co. v. McKeon,* 154 Ariz. 411, 413, 743 P.2d 7, 9 (App.1987). The court then held that A.R.S. § 28–1170(B)(3) permitted the proposed exclusion from uninsured motorist and medical pay benefits in the absence of any specific prohibition in A.R.S. § 20–259.01. Because these statutes had to be read *in pari materia,* exclusion was proper. The fact that the policy fully covered Jay except when he drove did not impress the court. *Id.* at 413–14, 743 P.2d at 9–10. The court remanded in favor of Employers. *Id.* at 414, 743 P.2d at 10. We then granted the McKeons' petition for review.

## THE ISSUES

This case presents three issues:

1. Does the named driver endorsement exclude only liability coverage?

---

**1.** The clause is also known as a "named driver endorsement."

**2.** Under the policy, any amount payable was reduced by the $20,000 already paid by the insurer for Jay's brother.

2. If not, does A.R.S. § 20–259.01 invalidate the attempt to exclude Jay?

3. If A.R.S. § 20–259.01 invalidates the attempt to exclude Jay, is Jay only entitled to the statutory uninsured minimum coverage of $15,000?

## RESOLUTION

### A. Scope of the Exclusion Clause

The named driver clause states that "under *all coverage provided* [Employers] shall not be liable for loss, damage, and/or liability caused while ... any automobile ... is being driven or operated by ... Jay Edward McKeon" (emphasis added).

█ The parties interpret this clause differently. The McKeons claim that it only excludes liability coverage for accidents caused *by* Jay. Employers asserts that the endorsement excludes all coverage for loss or damage caused *while* Jay is driving, regardless of Jay's fault.

We agree with the court of appeals that this clause clearly attempts to deny all coverage to Jay while he is driving. *See McCullough v. Standard Fire Insurance Co. of Alabama,* 404 So.2d 637, 637 (Ala. 1981) (virtually identical named driver endorsement excluded *permissive* uninsured motorist benefits). Thus, the policy excluded Jay from the non-mandatory medical payments coverage. However, the question remains whether Arizona law permits the exclusion of mandatory uninsured motorist coverage by contractual arrangement.

### B. Excluding Uninsured Motorist Coverage

█ Regardless of the policy, the McKeons argue that A.R.S. § 20–259.01 prohibits exclusion of uninsured motorist benefits.[3] This statute requires insurance companies writing motor vehicle liability policies to include a minimum level of uninsured motorist coverage *and* to offer insureds coverage at least equal to the policy's liability limits. The statute only excepts public livery, rental, or commercial transportation vehicles from this requirement. A.R.S. § 20–259.01(D). While this exception is irrelevant here, enumeration of exceptions in a statute creates a strong inference that the legislature intended no others. *See, e.g., State v. Ault,* 157 Ariz. 516, 759 P.2d 1320 (1988); *Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982). The mandatory language of A.R.S. § 20–259.01, coupled with the narrow exceptions allowed in subsection (D), express a legislative design opposing other exclusions. *See Pennsylvania National Mutual Casualty Insurance Co. v. Parker,* 282 S.C. 546, 320 S.E.2d 458 (App.1984) (business and commercial use exclusion in policy contravened state insurance law). *Cf. Garza v. Glen Falls Insurance Co.,* 105 N.M. 220, 731 P.2d 363 (1986) (specific, detailed New Mexico statute allowed exclusion of a named driver from uninsured motorist coverage).

█ Employers, however, contends that A.R.S. § 28–1170(B)(3) allows an insured to exclude any named person from uninsured motorist insurance coverage when driving.[4] According to Employers, we should construe this statute and A.R.S. § 20–259.01 *in pari materia* because both laws deal with motor vehicle liability policies. The exclusionary language of A.R.S.

---

3. In relevant part, A.R.S. § 20–259.01 provides:
   A. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided in the policy or supplemental to the policy, in limits for bodily injury or death prescribed in subsection B of this section, but not less than the limits prescribed in § 28–1102, ... for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom ...

4. Section 28–1170(B)(3) provides as follows:
   [The owner's policy of liability insurance] may by agreement in writing between any named insured and the insurer exclude as insured any person or persons designated by name when operating a motor vehicle.

§ 28–1170(B)(3) should therefore carry over to A.R.S. § 20–259.01.

We disagree for several reasons. First, the term "motor vehicle liability policy" in A.R.S. § 28–1170 referred exclusively to liability coverage under the Arizona Uniform Motor Vehicle Safety Responsibility Act, A.R.S. §§ 28–1101 to –1225 (the Act). 1951 Ariz.Sess.Laws ch. 122, § 21. The legislature adopted the Act in 1951 to encourage motorists to purchase liability insurance. *See generally id.* The Act made no mention of uninsured motorist coverage, which the legislature did not require until 1966. *See* 1965 Ariz.Sess.Laws ch. 34, § 1 (enacting the first version of A.R.S. § 20–259.01).

Further, while both A.R.S. § 28–1170(B)(3) and A.R.S. § 20–259.01 deal with aspects of Arizona motor vehicle liability policies, the statutes approach the subject from different perspectives. The 1951 law centers on liability coverage—protection of those injured by the insured's negligence; the later statute concerns uninsured and now, also, underinsured benefits —protection of the insured. The laws were enacted at different times to protect different interests. Thus, an exclusion under liability protection does not require a similar result for uninsured motorist protection.

Therefore, *in pari materia* does not fit the statutory framework here. Moreover, no ambiguity in these statutes justifies resort to venerable doctrines of judicial construction. *See, e.g., Frazier v. Terrill,* 65 Ariz. 131, 135, 175 P.2d 438, 441 (1946) (*in pari materia* doctrine used with analogous statute prescribing penalty). There being no statutory conflict or ambiguity, application of the *in pari materia* doctrine to two statutes enacted at different times to deal with different problems, brings more confusion than enlightenment. *See State v. Carter,* 145 Ariz. 101, 111, 700 P.2d 488, 498 (1985).

Finally, and most importantly, narrowing uninsured motorist coverage contravenes a long-standing legislative policy to guarantee all insureds protection against uninsured motorists. *See, e.g., Spain v. Valley Forge Insurance Co.,* 152 Ariz. 189, 192, 731 P.2d 84, 87 (1986) (evolution of legislation strengthening uninsured motorist insurance coverage). The statutes on the subject are remedial, and we have liberally construed them in the past to further the legislature's intent to aid all victims of financially improvident drivers. *Calvert v. Farmers Insurance Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).

Our statutes require an insurer to provide full uninsured motorist coverage to every insured, whether driving an automobile, strolling down the sidewalk, or relaxing in the front porch swing. *Id.* at 296, 697 P.2d at 689. The intent is to protect each insured no matter where he is (within the policy's territorial limits) or what he is doing. Employers concedes that Jay was an insured, entitled to uninsured motorist coverage in every circumstance except when he was driving. Neither text nor intent of the uninsured motorist statute permits us to add such legislatively unrecognized exclusions. We have already specifically condemned this sort of whittling away of legislatively required coverage. *See, e.g., Spain,* 152 Ariz. at 192, 731 P.2d at 87; *Calvert,* 144 Ariz. at 294, 697 P.2d at 687.

One could argue that the statute only required Employers to *offer* the uninsured motorist coverage, not guarantee it. Therefore, the McKeons' agreement to exclude Jay constituted a partial rejection of coverage to Jay. 1 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 4.25, at 133 (2d ed. 1987). Some states with permissive uninsured motorist offering statutes have allowed such partial abrogation of uninsured motorist coverage. *See Southeast Title & Insurance Co. v. Thompson,* 231 So.2d 201 (Fla.1970) (per curiam) (court adopts dissent of Swann, J. in court of appeals' decision at 224 So.2d 718, 719–21 (Fla.App. 1969)).[5] However, courts in jurisdictions which, like Arizona, have adopted *manda-*

---

**5.** *But see Liberty Mutual Insurance Co. v. Marino,* 370 So.2d 397, 398 (Fla.Dist.Ct.App.1979)

("operator restriction endorsement" did not cut off uninsured motorist coverage).

*tory* uninsured motorist coverage, have not upheld a named driver exclusion as a partial rejection of uninsured motorist benefits. As Widiss notes:

In states where uninsured motorist coverage is mandatory—that is, where it cannot be rejected—interpreting such an exclusion as a partial rejection of the uninsured motorist coverage would clearly violate public policy.

1 A. WIDISS, *supra* § 4.25, at 138. *See also Hartford Accident & Indemnity Co. v. Dairyland Insurance Co.,* 274 Or. 145, 545 P.2d 113 (1976). Thus, we hold the purported exclusion of uninsured motorist coverage is contrary to public policy and void.

## C. Limitation of Coverage to Statutory Minimum

■ Assuming the named driver exclusion did not eliminate Jay's uninsured motorist coverage, Employers argues that Jay is only entitled to the statutory minimum coverage of $15,000, rather than the $280,-000 uninsured motorist policy limits Jay's parents actually purchased. We disagree.

Arizona requires that insurance companies offer uninsured motorist coverage at least equal to the liability limits of the policy for "all persons insured under the policy." A.R.S. § 20–259.01(B).[6] By statute, therefore, the minimum limit for uninsured motorist coverage is either $15,-000/$30,000, or an amount equal to the liability limits, whichever the insured elects to purchase. *Spain,* 152 Ariz. at 192, 731 P.2d at 87. This provision is typical of insurance statutes across the nation and demonstrates legislative intent that purchasers of motor vehicle liability policies be able to buy uninsured motorist protection in the same limit as the liability coverage they chose. Indeed, among all coverages in motor vehicle insurance policies, "the uninsured motorist insurance is the only coverage that is subject to the mandatory

offering requirement." 1 A. WIDISS, *supra* § 4.25, at 133.

[The] insured's statutory entitlement to [uninsured motorist] coverage is not limited to the $15,000/$30,000 floor provided by A.R.S. § 20–259.01(A), but also extends to that amount of coverage, up to the policy's liability limit, that the named insured has actually elected to purchase pursuant to A.R.S. § 20–259.01(B).

*State Farm Mutual Automobile Insurance Co. v. Janssen,* 154 Ariz. 386, 393, 742 P.2d 1372, 1379 (Ct.App.1987).

Therefore, we reject Employers' invitation to reduce the McKeons' uninsured motorist coverage to the statutory minimum of $15,000. We do so because the minimum issue limit is below the $300,000 in expanded coverage that the statute *required* that the insured be allowed to purchase *and that they actually did purchase.* Such a reduction of required coverage limits would contravene the mandatory offering terms of A.R.S. § 20–259.01, and is therefore impermissible on public policy grounds. *Spain,* 152 Ariz. at 193, 731 P.2d at 88. *See also California Casualty Indemnity Exchange v. Steven,* 5 Cal.App.3d 304, 85 Cal.Rptr. 82 (1970) (general named driver exclusion was ineffective as a waiver of uninsured motorist coverage); 1 A. WIDISS, *supra* § 4.25, at 138.

## CONCLUSION

As far as mandatory uninsured motorist coverage is concerned, the named driver exclusion in the present policy is void. Coverage is available in the limits purchased by the insured. However, the named driver exclusion did abrogate the nonmandatory medical pay coverage for Jay. We therefore vacate the portion of the court of appeals' opinion that deals with uninsured motorist coverage. We affirm the judgment concerning uninsured motorist coverage and reverse the part of the judgment affecting medical payments.

---

6. B. Every insurer writing automobile liability or motor vehicle liability policies, as provided in subsection A of this section shall also make available to the named insured thereunder and by written notice offer the insured and at the request of the insured shall include within the policy uninsured motorist coverage which extends to and covers all persons insured under the policy, *in limits not less than the liability limits for bodily injury or death contained within the policy.* (Emphasis added.)

GORDON, C.J., and CAMERON, MOELLER and HOLOHAN, JJ., concur.