608 A.2d 1242

**Ruthard F. SYKES, Jr.**

v.

**NATIONWIDE INSURANCE COMPANY.**

**No. 129, Sept. Term, 1990.**

Court of Appeals of Maryland.

July 20, 1992.

John Amato IV (Daniel E. Liebfeld, Goodman, Meagher & Enoch, all on brief), Baltimore, for appellant.

Angus R. Everton (Mary Alane Downs, Montedonico & Mason, Chartered, all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, JJ., and MARVIN H. SMITH, Judge of the Court of Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

The issue in this case concerns the scope of the named driver exclusion provision of the Insurance Code, Maryland Code (1957, 1991 Repl.Vol., 1991 Supp.), Art. 48A, § 240C–1, in the context of a claim by the excluded driver for uninsured motorist benefits under the Insurance Code, Art. 48A, § 541(c).

The plaintiff-appellant, Ruthard F. Sykes, Jr., filed a complaint in the Circuit Court for Baltimore City, seeking money damages from Alfred H. Hall and Nationwide Insurance Company. The plaintiff alleged that he is a bus driver for the Mass Transit Administration ("MTA"), that on September 25, 1986, at about 6:45 a.m., the plaintiff was

operating an MTA bus "in a normal and prudent manner" in an easterly direction on Liberty Heights Avenue in Baltimore City, that the plaintiff stopped the bus at the intersection of Liberty Heights Avenue and Granada Avenue because of traffic, and that "while stopped, a vehicle owned and operated by the Defendant, Alfred H. Hall, in a reckless and negligent manner in an easterly direction on Liberty Heights Avenue, struck the Plaintiff's vehicle in the rear." The complaint went on to set forth several specific respects in which Mr. Hall was negligent. It further alleged that the plaintiff was free of contributory negligence, that as a result of the collision the plaintiff "was thrown about the interior of the vehicle, striking various parts of his body on stationary objects therein," and that the plaintiff suffered head and body injuries and pain, was required to incur medical expenses, and was prevented from working for a considerable period of time.

The complaint asserted that Mr. Hall was an uninsured motorist. In addition, it was claimed that the plaintiff lived in the same household with his wife, that Nationwide Insurance Company had issued to the plaintiff's wife an automobile insurance policy on two motor vehicles at the household, and that the plaintiff, as a family member residing in the household, was an insured under the policy. According to the plaintiff, he timely notified the defendant Nationwide that the defendant Hall was uninsured. The plaintiff made a claim under the policy for uninsured motorist benefits, but Nationwide "refused and continues to refuse to honor the Plaintiff's claim under the Uninsured Motorist provision...."

Following some discovery, the defendant Nationwide filed a motion for summary judgment. In the motion and accompanying memorandum, Nationwide acknowledged that the bus driven by the plaintiff had been struck by a vehicle driven by Mr. Hall, that Mr. Hall was an uninsured motorist, that the plaintiff's wife was the insured named in the declarations of a Nationwide automobile insurance policy, and that the plaintiff was a member of the named insured's

household. Nationwide asserted, however, that the plaintiff was an excluded driver pursuant to Art. 48A, § 240C–1, that as a named excluded driver under the statute, the plaintiff "is not an insured," and that "[d]ue to the exclusion ..., Nationwide is not liable for any personal injuries or other damages, losses or claims incurred by Ruthard Sykes...." Nationwide argued that a recovery by the plaintiff under the circumstances would "defeat the purposes" of the named driver exclusion provision.

In his opposition to Nationwide's motion for summary judgment, the plaintiff did not deny that he had been excluded pursuant to Art. 48A, § 240C–1, but he argued that under the insurance policy and the statute, the exclusion did not apply in the circumstances of this case.

The circuit court initially granted Nationwide's motion for summary judgment without an opinion and without stating any reasons. Subsequently, upon the plaintiff's request for reconsideration, the circuit judge on December 12, 1989, filed an opinion and order reiterating that the insurer's motion for summary judgment was granted. The circuit judge indicated that her ruling was based entirely on the provisions of Art. 48A, § 240C–1, and the legislative policy underlying the section. The circuit judge concluded "that Plaintiff, as the excluded driver under his wife's policy, is excluded from *all coverage*, including uninsured motorist coverage of any and all injuries sustained by him when he is the driver of any motor vehicle."

The circuit court's December 12, 1989, ruling in favor of Nationwide was not final under Maryland Rules 2–601 and 2–602(a) because the plaintiff's claim against the uninsured motorist Hall was still pending. Thereafter, on June 27, 1990, the circuit court entered pursuant to Rule 2–602(b) a final judgment in favor of Nationwide. The plaintiff took an appeal to the Court of Special Appeals, and, prior to oral argument in that court, we issued a writ of certiorari.

█ Preliminarily, it is clear that, except to the extent affected by the named driver exclusion pursuant to Art.

48A, § 240C–1, the plaintiff at the time of the accident was an insured under Nationwide's insurance policy issued on the two motor vehicles and listing the plaintiff's wife as the insured.[1] Thus, the definitional part of the insurance policy provides in relevant part as follows (emphasis added):

"DEFINITIONS

"The language of this insurance policy includes certain common words for easy understanding. They have exactly defined meanings, however. In this policy:

"1. the words 'YOU' and 'YOUR' mean or refer to the policyholder first named in the attached Declarations, *and include that policyholder's spouse if living in the same household.*"

\* \* \* \* \* \*

"3. the words 'THE INSURED', 'AN INSURED', and 'ANY INSURED' mean or refer to the persons and organizations specifically indicated as entitled to protection under the coverage being described."

The uninsured motorist coverage portion of the policy states (emphasis added):

"Under this coverage we will pay all sums for bodily injury and property damage that *you* or your legal representative are legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle."

As "you" is defined as including the "policyholder's spouse if living in the same household," the plaintiff was clearly covered for purposes of uninsured motorist insurance. In addition, the uninsured motorist coverage portion of the policy went on to provide specifically that "[r]elatives living

---

1. The two motor vehicles listed on the declarations page of the insurance policy are both 1981 Ford automobiles. While the policy lists the plaintiff's wife as the insured and her home address, it does not indicate the ownership of the vehicles. Nothing else in the record indicates whether the vehicles were titled in the wife's name, in the husband's name, jointly, or one titled in the wife's name and one in the husband's name. Under the circumstances here, however, these questions of titling are not pertinent to the issue in the case. *Cf. Neale v. Wright,* 322 Md. 8, 17, 585 A.2d 196, 200 (1991); *Nationwide Mut. Ins. Co. v. Stroh,* 314 Md. 176, 183, 550 A.2d 373, 376 (1988).

in your household also are covered for bodily injury damages under this coverage." As the plaintiff was married to and living in the same household with the named insured Darlene Sykes, he was an insured for the purposes of uninsured motorist coverage under this language in the policy. *See Forbes v. Harleysville Mutual,* 322 Md. 689, 703–705, 589 A.2d 944, 951–953 (1991).

Moreover, with regard to a family motor vehicle insurance policy, the Maryland Insurance Code itself contemplates that ordinarily a member of the named insured's family, living in the same household, is also an insured under the policy. *See, e.g.,* Art. 48A, §§ 240AA(a), 240C–1(a)(1), 240C–1(a)(1)(iii), 240C–1(b)(2)(iii), 539(b)(1)(i), 541(c)(2)(v), 545(c); *Forbes v. Harleysville Mutual, supra,* 322 Md. at 704, 589 A.2d at 951.

Turning to the scope of the named driver exclusion pursuant to § 240C–1, the circuit court interpreted the statutory provision to mean that an excluded individual is excluded from all coverage under the policy when he is the driver of *any* vehicle whatsoever. Nationwide's position, both in the circuit court and in this Court, is that the exclusion under § 240C–1 is even broader than the circuit court believed it to be. Nationwide argues that an excluded individual under § 240C–1 is not an insured under the policy for any purpose. Neither the circuit court's nor Nationwide's interpretation can be squared with the statutory language and legislative purpose underlying § 240C–1.

The first part of § 240C–1(a)(1) deals with the situation where an insurer is authorized to cancel, nonrenew, or increase the premiums on an automobile liability insurance policy because of the claim experience or driving record of one or more but less than all residents of the household. It requires that, in lieu of cancellation, nonrenewal or premium increase, the insurer shall offer to exclude all coverages when the automobile is operated by the individual whose claim experience or driving record would have justified the cancellation or nonrenewal. The first part of § 240C–1(b)(1) deals with the initial issuance of an automobile liability

insurance policy, and it authorizes the insurer to issue the policy with coverage excluded when the motor vehicle is operated by the person whose claim experience or driving record could have justified a refusal to issue the policy. The remaining language of both subsections (a) and (b) is substantially the same, and it delineates the precise scope of the exclusion. Section 240C–1(a) thus provides in pertinent part as follows:

"The policy may be endorsed to specifically exclude all coverage for any of the following when the named excluded driver is operating the motor vehicle(s) covered under the policy whether or not that operation or use was with the express or implied permission of a person insured under the policy:

(i) The excluded operator or user;

(ii) The vehicle owner;

(iii) Family members residing in the household of the excluded operator or user or vehicle owner; and

(iv) Any other person, except for the coverage required by §§ 539 and 541(c)(2) of this article if such coverage is not available under any other automobile policy.

(2) The premiums charged on any policy excluding a named driver or drivers under paragraph (1) of this subsection shall not reflect the claims experience or driving record of the excluded named driver or drivers." [2]

Under the plain language of § 240C–1, coverage for the "excluded operator or user" is excluded only "when the named excluded driver is operating the motor vehicle(s) covered under the policy." The plaintiff Sykes was not operating either of the 1981 Ford automobiles covered under the policy, and therefore uninsured motorist coverage for him was not excluded. *Cf. Neale v. Wright,* 322 Md. 8,

---

2. While the relevant language of subsections (a) and (b) is substantially the same, the named driver exclusion in the present case was under subsection (a). The plaintiff Sykes initially had not been excluded from the policy on the two automobiles, but Nationwide later offered to exclude him in lieu of nonrenewal.

21–23, 585 A.2d 196, 202–203 (1991) (the excluded driver was operating the insured vehicle, and therefore the insurer was not liable on a negligent entrustment theory); *Nationwide Mutual Ins. Co. v. Miller,* 305 Md. 614, 619–620, 505 A.2d 1338, 1340 (1986) (the excluded driver was operating the insured vehicle; therefore the insurance company was not liable to an injured passenger).

The limitation upon the scope of the exclusion authorized by § 240C–1 is confirmed by the language of § 541(c) relating specifically to permissible exclusions of uninsured motorist coverage. Section 541(c)(2)(v) states as follows (emphasis added):

"(v) In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article 48A, §§ 243H and 243–I. However, the insurer may exclude from coverage benefits for:

"1. The named insured or members of his family residing in the household when occupying, or struck as a pedestrian by, an uninsured motor vehicle that is owned by the named insured or a member of his immediate family residing in his household; and

"2. The named insured, members of his family residing in the household, and all other persons having other applicable automobile insurance and occupying, or struck as a pedestrian by, *the insured motor vehicle operated or used by a person excluded from coverage under § 240C–1 of this article.* The coverage required under this subsection shall be primary to any right to recovery from the Maryland Automobile Insurance Fund pursuant to § 243H of this article."

Section 541(c) does not authorize an exclusion from uninsured motorist benefits under the circumstances of the instant case.

■ We have pointed out that the purpose of the named driver exclusion authorized by § 240C–1 of the Insurance Code was to allow a family automobile to become or to remain insured by excluding from the policy a member of

the household whose driving record warrants nonissuance, cancellation or nonrenewal of the policy. *Neale v. Wright, supra,* 322 Md. at 21, 585 A.2d at 202; *Nationwide Mutual Ins. Co. v. Miller, supra,* 305 Md. at 619–620, 505 A.2d at 1340. The purpose " 'was to exclude risks arising from the named person's negligence in driving the [insured] car.' " *Neale v. Wright, supra,* 322 Md. at 23, 585 A.2d at 203, quoting *Nationwide Mutual Ins. Co. v. Miller, supra,* 305 Md. at 618, 505 A.2d at 1340. The present case does not involve a risk arising from the plaintiff's negligent driving of an insured vehicle. Instead, it involves a risk arising from the plaintiff's non-negligent presence in another vehicle. With regard to the purpose of the named driver exclusion, the plaintiff is in the same position as an innocent pedestrian who is struck by an uninsured motorist. If it turns out after trial, however, that the plaintiff was guilty of negligence contributing to the accident, he will not be able to recover either against the uninsured motorist or against Nationwide under the uninsured motorist coverage. *See, e.g., Lane v. Nationwide Mut. Ins. Co.,* 321 Md. 165, 173–174, 582 A.2d 501, 505 (1990); *Nationwide Mutual Ins. v. Webb,* 291 Md. 721, 732–738, 436 A.2d 465, 472–475 (1981). Nevertheless, it would be entirely inconsistent with the purpose of § 240C–1 to hold that there is no uninsured motorist coverage under the facts of this case.

Therefore, the circuit court erred in holding that the plaintiff was excluded from uninsured motorist coverage under the facts of this case.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.