**DAIRYLAND INSURANCE COMPANY, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant,**

and

**Ed Anopol, Sheila Anopol, Edward Anopol, Jr., and Fetuao T. Kelsall, Defendants and Appellees.**

No. 930478.

Supreme Court of Utah.

Oct. 13, 1994.

R. Scott Williams, David R. Neilson, Salt Lake City, for Dairyland.

Darwin C. Hansen, John Clyde Hansen, Salt Lake City, for State Farm.

Randall W. Richards, Ogden, for the Anopols.

Robert K. Maez, Salt Lake City, for Kelsall.

ZIMMERMAN, Chief Justice:

Dairyland Insurance Company brought this declaratory judgment action against State Farm Automobile Insurance Company in Utah's Second District Court to determine insurer liability. State Farm appeals the trial court's partial denial of its cross-motion for summary judgment against co-defendants Ed and Sheila Anopol (the "Anopols"), their son Edward Anopol, Jr. ("Edward Jr."), and a third party, Fetuao Kelsall. The sole issue on appeal is whether the trial court erred in deciding that a household relative who has been properly excluded from a primary insured's automobile insurance policy pursuant to Utah Code Ann. § 31A–22–303(7) can nevertheless be a permissive user of the insured automobile and thus entitled to coverage pursuant to Utah Code Ann. § 31A–22–303(1)(b)(i). We reverse.

The facts are as follows: The Anopols owned three automobiles; each was insured by State Farm under a separate policy. On December 9, 1988, the Anopols applied to State Farm for insurance on a 1976 Pontiac Astra. They designated their son who lived in the same household, Edward Jr., as the principal driver of this car.

After receiving the application, State Farm obtained a copy of Edward Jr.'s driving record from the State Department of Motor Vehicles. The record revealed that in the past four years, Edward Jr. had received four citations for speeding and one citation for failing to stop at a traffic signal. He had also been involved in a traffic accident. Based on Edward Jr.'s driving record, State Farm refused to insure him.

State Farm subsequently cancelled the binder that it had issued on the Astra. At the same time, State Farm informed the Anopols that because of their son's poor driving record, State Farm would not renew their other policies unless the Anopols executed a driver-exclusion endorsement for Edward Jr. On February 28, 1989, the Anopols executed the requested endorsement, which provided:

In consideration of the premium charged for *your* policy it is agreed we shall not be

liable and no liability or obligation of any kind shall attach to us for *bodily injury, loss,* or damage under any of the coverages of the policy while any motor vehicle is operated by: Edward Anopol, Jr.

On February 10, 1992, while driving to work in his mother's Chevrolet Cavalier, Edward Jr. collided with a pedestrian, Fetuao Kelsall. Edward Jr. was driving the Cavalier with his mother's permission because his car, a 1979 Buick Century that he had independently insured with Dairyland, was in the shop for repairs.

State Farm denied liability coverage to Edward Jr. based on the driver-exclusion endorsement contained in the Anopols' policy. The policy Dairyland had issued to Edward Jr. did provide coverage for non-owned and "substitute" cars but contained language specifically excluding "[a] car owned by [the insured] or a resident member of your family."

Dairyland subsequently commenced a declaratory judgment action to determine whether its policy or that of State Farm provided coverage to Edward Jr. On motion for summary judgment, the trial court held that on the basis of language defining substitute car in its policy, Dairyland's policy provided *no coverage* to Edward Jr. With regard to State Farm's cross-motion for summary judgment, the court held that Edward Jr. qualified as a permissive user under Utah Code Ann. § 31A–22–303(1)(b)(i), notwithstanding the driver-exclusion endorsement. In its memorandum decision, the court stated:

> State Farm Mutual Automobile Insurance Company's Cross Motion for Summary Judgment is partially granted and partially denied. Edward Anopol Jr. was

a resident of the name[d] insured's household. As such, he was subject to exclusion from household member coverage.

> *Mr. Anopol was properly excluded from coverage as a household member. Mr. Anopol was, however, covered under the policy as a [permissive] user.* On this occasion, he had the express permission of the named insured to drive the 1986 Chevrolet Cavalier.

(Emphasis added.) In other words, the trial court reasoned that State Farm had "properly excluded" Edward Jr. from coverage under his parents' policy, but because he had obtained his mother's permission to drive the vehicle, he was a permissive user and therefore entitled to coverage under Code section 31A–22–303(1)(b)(i). State Farm appeals from that part of the judgment declaring that Edward Jr. was a permissive user and thus covered under the Anopols' policy.

The sole issue on appeal is whether the trial court erred in denying State Farm's cross-motion for summary judgment on the basis of the court's determination that a household member who has been specifically excluded from coverage can nevertheless be a permissive user under section 31A–22–303(1)(b)(i).[1] Summary judgment is appropriate when there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County,* 855 P.2d 231, 235 (Utah 1993). The issue of whether a properly excluded driver may be a permissive user is a question of law, which we review for correctness. *See Higgins,* 855 P.2d at 235.

When faced with a question of statutory construction, we first examine the plain language of the statute. *State v. Larsen,* 865

---

1. We note that the Anopols' attorneys have failed to cross-appeal the portion of the trial court's order which held that Edward Jr. had been *properly* excluded from his parents' policy under subsection (7) of Utah Code Ann. § 31A–22–303. As noted above, that subsection allows a motor vehicle insurance policy to exclude a person who is a resident of the named insured's household only if "each person excluded from coverage satisfies the owner's or operator's security requirement of Section 41–12a–301, independently of the named insured's proof of owner's or operator's security." Utah Code Ann. § 31A–22–303(7). There is

an issue as to whether a policy such as Dairyland's that fails to cover the primary insured when he or she is driving substitute vehicles from the same household constitutes independent insurance sufficient to satisfy the owner's and operator's security requirement under subsection (7). Although the Anopols' counsel raised this argument in their brief on appeal, they neglected to appeal this issue by filing a notice of appeal and a docketing statement, and we therefore decline to consider it. *See* Utah R.App.P. 3 & 9.

P.2d 1355, 1357 (Utah 1993); *Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1112 (Utah 1991); *Bonham v. Morgan*, 788 P.2d 497, 500 (Utah 1989) (per curiam). Section 31A–22–303 provides in relevant part:

(1) In addition to complying with the requirements of Chapter 21 and Part II of Chapter 22, a policy of motor vehicle coverage under Subsection 31A–22–302(1)(a) shall:

(a) name the motor vehicle owner or operator in whose name the policy was purchased, state that named insured's address, the coverage afforded, the premium charged, the policy period, and the limits of liability;

(b)(i) if it is an owner's policy, designate by appropriate reference all the motor vehicles on which coverage is granted, insure the person named in the policy, *insure any other person using any named motor vehicle with the express or implied permission of the named insured,* and, except as provided in Subsection (7), insure any person included in Subsection 1(c) against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles within the United States and Canada, subject to limits exclusive of interest and costs, for each motor vehicle, in amounts not less than the minimum limits specified under Section 31A–22–304; ...;

(c) *except as provided in Subsection (7), insure persons related to the named insured by blood, marriage, adoption or guardianship who are residents of the named insured's household,* including

those who usually make their home in the same household but temporarily live elsewhere, to the same extent as the named insured.

. . . .

(7) A policy of motor vehicle liability coverage under Subsection 31A–22–302(1) may specifically exclude from coverage a person who is a resident of the named insured's household ... if each person excluded from coverage satisfies the owner's or operator's security requirement of Section 41–12a–301, independently of the named insured's proof of owner's or operator's security.[2]

This statute sets minimum requirements for all automobile insurance policies in Utah. Among other things, it requires policies to "insure persons related to the named insured by blood, marriage, adoption or guardianship who are residents of the named insured's household." Utah Code Ann. § 31A–22–303(1)(c). The statute further mandates that policies cover permissive users of the insured vehicle.[3] Nevertheless, a policy "may specifically exclude from coverage a person who is a resident of the named insured's household ... if each person excluded from coverage satisfies the owner's or operator's security requirement of Section 41–12a–301, independently of the named insured's proof of owner's or operator's security." *Id.* § 31A–22–303(7).

The Anopols argue that this exclusion provision applies only to household relatives of the insured, not to permissive users. The Anopols, in effect, argue that Edward Jr. was simultaneously a relative of Ms. Anopol who lived in her household and a permissive user. In short, they assert that State Farm's driv-

**2.** State Farm's policy parallels the language of the statute, by creating four categories of persons who are insured:

    1.  you;
    2.  your spouse;
    3.  the relatives of the first person named in the declarations;
    4.  *any other person* while using such a car if its use is within the scope of consent of you or your spouse.
The policy in turn defines "you" as the "named insured," and "relative" is defined as "a person related to you or your spouse by blood, marriage, adoption or guardianship who lives with you."

We note that the language of Code section 31A–22–303 requires, among other things, that "an owner's policy ... insure the person named in the policy." Because no party has appealed the trial court's grant of summary judgment as to Dairyland, we need not decide whether this provision and others within the Code prohibit the "vehicle exclusion" clause contained in Dairyland's policy.

**3.** The named insured's permission to drive the vehicle can be either "express or implied." Utah Code. Ann. § 31A–22–303(1)(b)(i).

er-exclusion endorsement did not operate to exclude Edward Jr. because he was a permissive user. We disagree.

The Anopols' analysis finds no support in the language of section 31A–22–303 and is contrary to established principles of statutory interpretation. Nothing in the language of the statute suggests that the endorsement does not apply to a household relative who is using the vehicle with the permission of the primary insured.[4] In fact, such an interpretation runs contrary to the established rule that when two provisions address the same subject matter and one provision is general while the other is specific, the specific provision controls. *See Williams v. Public Serv. Comm'n,* 754 P.2d 41, 48 (Utah 1988); *Perry v. Pioneer Wholesale Supply Co.,* 681 P.2d 214, 216 (Utah 1984); *Hatton–Ward v. Salt Lake City Corp.,* 828 P.2d 1071, 1072 (Utah Ct.App.), *cert. denied,* 843 P.2d 1042 (Utah 1992). It is undisputed that Edward Jr. fell within the provision dealing specifically with household relatives, i.e., subsection 31A–22–303(1)(c). This subsection clearly allows a household relative who would otherwise have to be included in the policy to be excluded if the parties execute a driver-exclusion endorsement that conforms with section 31A–22–303(7). *See* Utah Code Ann. § 31A–22–303(1)(c). It is improper, therefore, to apply the more general permissive user portion of the statute to circumvent the provisions dealing specifically with household relatives.

Aside from ignoring the language of the statute, the Anopols' interpretation is inconsistent with the purpose of the driver-exclusion endorsement. The self-evident rationale of the exclusion portion of the statute is to enable households that include a family member who has a poor driving record to obtain insurance at a reasonable cost by excluding the poor driver. Under the Anopols' inter-

pretation, the only time a driver-exclusion endorsement could ever be effective is when the excluded relative borrows the automobile without the primary insured's permission—in other words, when the relative steals the car.[5] *Cf. Taylor v. State Farm Ins. Co.,* 775 S.W.2d 370, 372 (Tenn.Ct.App.1989) (holding that exclusion agreement operated to bar claim in case in which son had stolen vehicle from his mother, the primary insured); *Smith v. Western Preferred Casualty Co.,* 424 So.2d 375, 376 (La.Ct.App.1982) ("The exclusion is not conditioned on whether or not the excluded named drivers were operating the automobile with the permission or consent of the named insured."), *cert. denied,* 427 So.2d 1212 (La.1983). Because such situations would be extremely rare, the exclusion would seldom, if ever, apply. As a result, insurance companies would have little incentive to offer lower rates to households containing a bad driver, thereby frustrating the purpose of the statute. In sum, the Anopols' counsel have failed to offer any case law or a coherent rationale in support of this argument, and we can find none.

We hold, therefore, that the trial court erred in deciding that Edward Jr. was entitled to coverage as a permissive user pursuant to Utah Code Ann. § 31A–22–303. Accordingly, we reverse the trial court's partial denial of State Farm's motion for summary judgment and remand this case for further proceedings consistent with this opinion.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.

---

4. We note that the Anopols' attorneys have failed to offer any coherent analysis in support of their position on appeal. The four-page argument section from the Anopols' appellate brief, while purporting to discuss the issue on appeal, is devoted almost entirely to the question of whether the driver-exclusion agreement executed by the parties was proper. The Anopols' appellate counsel fails to provide any significant discussion of the actual issue on appeal, that is, whether a *properly* excluded driver can be a permissive user. As

noted earlier, the Anopols neglected to cross-appeal the trial court's determination that Edward Jr. had been properly excluded from the policy. That issue, therefore, is not before this court and will not be reviewed.

5. We express no opinion as to whether the driver-exclusion endorsement applies when the excluded driver takes the insured vehicle without the primary insured's permission.