April Lynette **PIERCE, Appellee,**

v.

**OKLAHOMA PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant.**

No. 81774.

Supreme Court of Oklahoma.

July 11, 1995.

---

820

Roger Rinehart, Rinehart, Rinehart & Rinehart, P.C., El Reno, for appellee.

Regena K. McNeill, Elizabeth J. Sloan, Durbin, Larimore & Bialick, Oklahoma City, for appellant.

SUMMERS, Justice:

Our answer to this first impression question will determine whether a liability insurer, by a policy endorsement specifically excluding a certain named driver, may avoid liability for damages occurring when the forbidden driver drives with consent of the insured person. We hold that such a named driver exclusion does not violate Oklahoma's public policy regarding compulsory liability insurance, and that the insurance contract, by its express language, operates to bar any liability on behalf of the insurer, including that of negligent entrustment by the insured.

The facts are not disputed. Teresa Horse purchased automobile liability insurance from Oklahoma Property and Casualty Insurance Company. The liability policy was conditioned upon the express exclusion of Teresa's husband, Gerald Horse, from coverage. The exclusion stated:

> As a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that *the policy* to which this endorsement is attached *shall not be in force and effect while any motor vehicle* which would be covered by this policy *is being operated by* the following named person(s).

1) *GERALD KENT HORSE* (emphasis added.)

Teresa agreed to the exclusion, knowing that Gerald's driver's license had been revoked.

Gerald Horse was driving with a revoked driver's license in violation of state law when he struck the motorcycle on which April Pierce was riding as a passenger. Teresa Horse was a passenger in the car at the time of the accident. Pierce was severely injured. She brought suit against Teresa and Gerald, alleging negligence by Gerald and negligent entrustment by Teresa. Oklahoma Property was given notice of the suit and advised of its progress. The insurer chose not to defend.

The Horses did not answer, but instead sought shelter by filing for bankruptcy. The bankruptcy stay was lifted. Pierce obtained a default judgment of $193,279.98 against both defendants. She then brought this garnishment action against Oklahoma Property to recover the damages awarded her against the Horses. Both sides moved for summary judgment. Pierce prevailed on summary judgment, and Oklahoma Property appealed.

On appeal the Court of Appeals, Division 2, reversed and ordered summary judgment in favor of the insurance company. Pierce sought certiorari, and we have granted the writ to establish precedent for these novel issues.

Pierce asserts two arguments: (1) The named driver exclusion is void under Oklahoma law, and contravenes the public policy behind 47 O.S.1991 § 7–601(B). (2) Even if the exclusion is valid, the specific language does not exclude coverage for negligent entrustment by the insured. Oklahoma Property disagrees, stating that the named driver exclusion is expressly permitted by our statutes, and that it must be upheld to avoid forcing an insurance company to provide coverage for a high-risk individual without the benefit of obtaining a higher premium. The insurance company also relies on the language of the exclusion to deny coverage for negligent entrustment. We first address the validity of the exclusion.

## THE VALIDITY OF THE NAMED DRIVER EXCLUSION

■ Oklahoma has enacted a statutory scheme requiring automobile liability insurance in all instances except those exempted by statute. Title 47 O.S.1991 § 7–601(B) states as follows:

> On and after January 1, 1983, every owner of a motor vehicle registered in this state, other than a licensed used motor vehicle dealer, shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle registered in this state which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage.[1]

"The manifest purpose of the legislature, expressed in the text of the statute, is to provide compensation for injury or loss to members of the public with claims that are actionable." *Equity Mutual Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947, 951 (Okla.1987).

In construing this law, we have held three different exclusions invalid and against the public policy established by Section 7–601 because of their broad and sweeping nature. In *Young v. Mid–Continent Cas. Co.*, 743 P.2d 1084 (Okla.1987), we invalidated a clause which excluded liability coverage for any person under the age of twenty-five. Later, in *Equity Mutual* we determined that an exclusion which confined liability coverage to a two-hundred mile radius was invalid, at least to the extent of the minimum statutorily-required liability insurance. *Equity Mutual*, 747 P.2d at 953. In *Nation v. State Farm Ins. Co.*, 880 P.2d 877 (Okla.1994), we invalidated, to the extent of the minimum coverage required by statute, an exclusion which omitted from coverage all resident members of a household.

Pierce urges that the present exclusion is no different that those previously invalidated in *Young, Equity Mutual* and *Nation* by this Court, as it works to harm an innocent victim who was injured on an Oklahoma road. Oklahoma Property urges that the specificity of the exclusion, i.e., excluding only a named individual, distinguishes it from the other invalid broad exclusions. Oklahoma Property claims that this type of specific exclusion was contemplated by the legislature, and that the statute was amended to permit such exclusions.

---

1. Section 7–601 was amended in 1993; however, subparagraph (B) remained unchanged.

First, we note that Section 6–701(B) was amended in 1982 to permit certain exclusions. The last sentence of Section 7–601 contemplates that specific individuals can be excluded from coverage. Furthermore, Section 7–600(1)(c) states that the liability insurance policy "may provide for exclusions from coverage in accordance with existing laws...."

Other states have addressed this same issue under their statutory schemes. Those with statutes similar to Oklahoma have upheld the named driver exclusions, at least insofar as above minimum statutory coverage.[2] These courts have reasoned that named driver exclusions "ensure continued coverage of an automobile where the driving record of a household member warrants non-issuance or cancellation." *State Farm Mut. Auto. Ins. Co. v. Washington,* 641 A.2d 449, 452 (Del.1994).

In *Dairyland Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 882 P.2d 1143 (Utah 1994), the Utah Supreme Court upheld the exclusion, stating that legislature had recognized that in many instances such an exclusion is the only way the insured can afford coverage and the insurer can afford to provide coverage. The Utah statute provided that a policy could specifically exclude a person from coverage under certain conditions. "The self-evident

rationale of the exclusion portion of the statute is to enable households that include a family member who has a poor driving record to obtain insurance at a reasonable cost by excluding the poor driver." *Id.* at 1146. The Court refused to interpret the exclusion to provide coverage because to do so would frustrate the purpose of the statute.

When first enacted our statutory scheme did not provide for any exclusions from liability coverage. *See* 47 O.S.Supp.1976 § 7–600 et seq: and 47 O.S.1981 § 7–600 et seq: *see also Equity Mutual,* 747 P.2d at 950, n. 4 and 952. However, when amended in 1983 the statutes provided for certain permissible exclusions. Section 7–600(1)(c) now permits "exclusions from coverage in accordance with existing laws." The last sentence of Section 7–601(B) contemplates situations in which the owner of the vehicle obtains insurance which specifically excludes a named individual.

In the present case Teresa Horse was informed that her liability coverage did not include coverage for Gerald Horse, because his driver's license had been revoked. At the time of the accident Gerald was driving in violation of state law. Her premium was in part based on this exclusion. Teresa agreed to the exclusion. Neither party denies that coverage for Gerald could have been obtained for a higher premium more commensurate with the higher risk.

**2.** *State Farm Mut. Auto. Ins. Co. v. Washington,* 641 A.2d 449 (1994) (named driver exclusion valid as long as it was not being used to delete uninsured motorist coverage); *Lopez v. Dairyland Ins. Co.,* 890 P.2d 192 (Colo.Ct.App.1994) (named driver exclusion valid under statutory scheme requiring uninsured motorist coverage); *Dairyland Ins. Co. v. State Farm Auto. Ins. Co.,* 882 P.2d 1143 (Utah 1994) (named driver exclusion valid because statute permitted the parties to contract for specific exclusions); *Shelter Gen. Ins. Co. v. Williams,* 315 Ark. 409, 867 S.W.2d 457 (1993) (named driver exclusion valid because the statute permitted the rejection of insurance altogether); *Progressive Preferred Ins. Co. v. Browner,* 209 Ga.App. 544, 433 S.E.2d 401 (1993) (named driver exclusion valid and not against public policy); *Beacon Ins. Co. v. State Farm Mut. Ins. Co.,* 795 S.W.2d 62 (Ky.1990) (although this named driver exclusion may be invalid under the current statutory scheme, it would be valid under the new amendments to the statute which permit the parties to make specific exclusions); *Employers Mut. Cas. Co. v. McKeon,*

159 Ariz. 111, 765 P.2d 513 (1988) (named driver exclusion valid for liability insurance, but invalid for uninsured motorist benefits); *Garza v. Glen Falls Ins. Co.,* 105 N.M. 220, 731 P.2d 363 (1986) (named driver exclusion was valid under statute because the statue specifically provided that parties could agree to exclusions); *Torrez v. State Farm Mut. Auto. Ins. Co.,* 130 Ariz. 223, 635 P.2d 511 (Ct.App.1981) (named driver exclusion was valid under Arizona law).

Other states have validated these exclusions for any amount above the minimum statutorily-required coverage. *Edwards v. Auto. Cas. Ins. Co.,* 634 So.2d 1278 (La.Ct.App.1994); *Ward v. Baker,* 188 W.Va. 569, 425 S.E.2d 245 (1992); *Dairyland Ins. Co. v. East,* 188 W.Va. 581, 425 S.E.2d 257 (1992); *Iowa Mutual Ins. Co. v. Davis,* 231 Mont. 166, 752 P.2d 166 (1988); *Fields v. Western Preferred Cas. Co.,* 437 So.2d 344 (La.Ct.App. 1983).

One state has invalidated the provision as applied to uninsured motorist coverage. *Atlanta Cas. Co. v. Payne,* 603 So.2d 343 (Miss.1992).

We hold that a named driver exclusion which is based on the poor driving record of the excluded individual is consistent with our compulsory liability insurance laws. Our legislature realized that premiums might be too costly in some circumstances, and chose to allow the contracting parties to exclude specifically named individuals. By doing so the legislature allowed for families to obtain insurance that might not otherwise have been affordable. We believe that our public policy of requiring liability insurance is not offended by this limitation.[3]

## NEGLIGENT ENTRUSTMENT AND THE NAMED DRIVER EXCLUSION

■ Pierce next asserts that the named driver exclusion does not operate to bar coverage for Teresa's negligent entrustment. As interpreted by Pierce, the policy exclusion only applies to the negligence of Gerald. Oklahoma Property disagrees, pointing out that the exclusion is not limited to merely the damages caused by Gerald's negligence, but rather, as the express language of the clause states, the policy is not "in force and effect" when Gerald drives the vehicle.

Oklahoma has long recognized the negligent entrustment theory of liability. *Coker v. Moose*, 180 Okla. 234, 68 P.2d 504 (1937); *see also Bennett v. Morris Farrar Truck Co.*, 520 P.2d 705 (Okla.Ct.App.1974). In *Shoemake v. Stich*, 534 P.2d 667, 669–70 (Okla. 1975), we explained that negligent entrustment occurs when an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others.[4] Although it is the direct action of a different individual that causes the injury, the negligence of the supplier can be actionable as well.

With this in mind we must decide whether the policy exclusion operates to shield the insurer from liability arising out of the negligent entrustment of the vehicle. We addressed a similar issue in *Phillips v. Estate of Greenfield*, 859 P.2d 1101 (Okla.1993), with regard to a homeowners' liability policy. There the defendant was sued for negligent supervision of his son for injuries which arose out of the son's driving of a motorcycle.[5] The defendant confessed judgment, and the plaintiff then brought a garnishment action, seeking to recover from the insurer who provided homeowners' insurance. The insurer denied coverage, relying on a policy exclusion which stated that the homeowners' insurance did not extend to coverage of injuries arising out of the ownership or operation of a motor vehicle.

The plaintiff urged that the theory of negligent supervision leapfrogged the exclusion, because it focused on the negligence of the supplier, rather than the negligence of the automobile driver. We disagreed, holding that the language applied to bar coverage, because the "coverage does not turn on the legal theory under which liability is asserted, but on the cause of the injury." *Id.* at 1105 quoting *Farmers Ins. Group v. Nelsen*, 78 Or.App. 213, 715 P.2d 492, 494–495 (1986), *rev. denied*, 301 Or. 241, 720 P.2d 1280 (1986). Listing a number of jurisdictions which held similarly[6], we stated that the claim of negligent supervision is intimately connected with the ownership and operation of the vehicle. To interpret the homeowner's

---

3. We are not today faced with, nor do we address, the issue of whether such an exclusion is valid when uninsured or underinsured motorist benefits are in question. We note that several courts which uphold the exclusion for the purpose of liability insurance have invalidated it as applied in the arena of uninsured motorist coverage. *State Farm Mut. Auto. Ins. Co. v. Washington*, 641 A.2d 449 (Del.1994); *Atlanta Cas. Co. v. Payne*, 603 So.2d 343 (Miss.1992); *Employers Mut. Cas. Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988).

4. Citing 168 A.L.R. 1356 (1945).

5. Negligent entrustment is similar to negligent supervision. The latter generally involves the parent-child relationship. *See, e.g., Vance v. Thomas*, 716 P.2d 710 (Okla.Ct.App.1986); W. Prosser, *Handbook of Law on Torts* § 123 (4th Ed.1971).

6. *American Universal Ins. Co. v. Cummings*, 475 A.2d 1136 (Me.1984); *Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis.2d 469, 329 N.W.2d 150 (1983); *Mutual Serv. Cas. Ins. Co. v. Koenigs*, 110 Wis.2d 522, 329 N.W.2d 157 (1983); *Great Central Ins. Co. v. Roemmich*, 291 N.W.2d 772 (S.D. 1980).

policy to include such automobile coverage would "expand the policy terms beyond those stated and agreed upon by the contracting parties. It would require us to rewrite the clear language of the policy or construe the plain language of the exclusion in a tortured fashion." *Id.* at 1106.

Other courts which have considered the precise issue of whether a named driver exclusion precludes coverage for negligent entrustment have unanimously agreed that it does. *Wilkerson v. Michael,* 104 Md.App. 730, 657 A.2d 818 (1995); *Neale v. Wright,* 322 Md. 8, 585 A.2d 196 (1991); *State Farm Auto. Ins. Co. v. Dressler,* 153 Ariz. 527, 738 P.2d 1134 (1987); *Torrez v. State Farm Mut. Auto. Ins. Co.,* 130 Ariz. 223, 635 P.2d 511 (Ct.App.1981). Each relied on the specific language of the policy, and determined that to permit liability for negligent entrustment of a vehicle to the driver named in the exclusion would be forcing an insurer to accept a risk not bargained for and for which no additional premium had been paid. "If the insurer of the family car were still liable under the policy if the excluded driver operates the vehicle, on a theory of negligent entrustment by the non-excluded insured spouse, the purpose of the named driver exclusion would be defeated." *Neale,* 585 A.2d at 202.

In *Neale,* a negligent entrustment action was brought against the wife after the husband was involved in an accident. The husband was specifically excluded from coverage in a named driver endorsement. Although Maryland recognizes the theory of negligent entrustment, the court held that imposing liability on an insurer under these circumstances would in effect make the insurer liable for the negligent driving of the excluded driver. The court declined to impose such liability.

Similarly, we decline to construe the policy to provide coverage. The specific language of the exclusion states that the policy is not in effect while a vehicle is being operated by Gerald Horse. There was no contract for insurance coverage for injuries due to Gerald's negligent driving. To hold otherwise would nullify the exclusion, and force the insurer to pay indirectly for the injuries caused by Gerald's unlicensed and negligent driving.

## CONCLUSION

The Court of Appeals' opinion, though reaching the same result as ours, is vacated. The District Court's judgment in favor of plaintiff is reversed, and on remand that Court shall enter judgment on behalf of the appellant/garnishee insurance company.

WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.