UNITED STATES COURT OF APPEALS

**Filed 12/18/95**

TENTH CIRCUIT

---

BRIAN S. FAILE,           )
                                )
     Plaintiff-Appellant,     )
                                )      No.  95-4100
v.                           )   (D.C. No. 93-CV-1087)
                                )       (D. Utah)
THE UPJOHN COMPANY, a corporation,  )
                                )
     Defendant-Appellee.     )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Mr. Brian S. Faile brought this action pro se against The Upjohn Company alleging that his use of the prescription drug Xanax, manufactured by Upjohn, resulted in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993.  151 F.R.D. 470.

depression and violent behavior. The district court granted Upjohn's motion to dismiss, ruling that the action was barred by the applicable statute of limitations. Mr. Faile appeals and we affirm.

In June 1990, Mr. Faile filed a complaint against Upjohn in the U.S. District Court for the District of Nevada raising the claims he raises here. In May 1993, Mr. Faile and Upjohn stipulated to a dismissal of the action without prejudice pursuant to Fed. R. Civ. Proc. 41(a)(1)(ii). In December 1993, Mr. Faile filed the instant complaint in the U.S. District Court for the District of Utah. He contends that Utah's savings statute, Utah Code Ann. § 78-12-40, governs and authorizes his instant complaint because it was filed within one year from the dismissal of his complaint in Nevada. See Prince v. Leesona Corp., 720 F.2d 1166, 1169 (10th Cir. 1983); Allen v. Greyhound Lines, 656 F.2d 418, 420-23 (9th Cir. 1981). Upjohn asserts, and the district court agreed, that Utah's borrowing statute, Utah Code Ann. § 78-12-45, governs and that Mr. Faile's complaint is time-barred.

"[T]he established rule [is] that when two provisions address the same subject matter and one provision is general while the other is specific, the specific provision controls." Dairyland Ins. Co. v. State Farm Mut. Auto. Ins. Co., 882 P.2d 1143, 1146 (Utah 1994). Utah's borrowing statute and savings statute both address whether Mr. Faile's complaint is time-barred. In this case, the borrowing statute must govern because it is more specific. The borrowing statute applies "[w]hen a cause of action has arisen in

another state or territory . . . ," Utah Code Ann. § 78-12-45, while the savings statute applies to "any action," Utah Code Ann. § 78-12-40. Both Prince and Allen are inapposite because neither involved conflicting statutes.

Under Utah's borrowing statute, we look to Nevada's statute of limitations to determine whether Mr. Faile's complaint is time-barred. Utah Code Ann. § 78-12-45. Nevada does not have a savings statute; therefore, the Nevada provision which applies is the two-year statute of limitations in actions to recover damages for personal injuries. Nev. Rev. Stat. Ann. § 11.190.4(e). Because Mr. Faile filed the instant complaint over two years after his cause of action arose, his complaint is time-barred.

Mr. Faile also contends that Upjohn waived any defense of untimeliness by stipulating to dismissal under Fed. R. Civ. Proc. 41(a)(1)(ii). We disagree and AFFIRM substantially for the reasons given by the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-3-