Gloria ROBINSON, as Parent and Next Friend of James (J.B.) Robinson, Appellant,

v.

GEICO GENERAL INSURANCE COMPANY, Appellee.

No. 87738.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 29, 1996.

P.2d 697, 698 (Okla.1979).

Donald A. Lepp, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, for Appellant.

Chris Harper, James M. Reid, Oklahoma City, for Appellee.

## OPINION

BUETTNER, Judge:

Appellant Gloria Robinson (Robinson) purchased automobile insurance from Appellee GEICO General Insurance Company (GEICO). It is undisputed that Robinson signed an endorsement to the policy titled "Exclusion of Named Driver." This endorsement stated: "It is agreed that the insurance afforded by the policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by *James Robinson, Megan Robinson.*" Robinson's son, James Robinson, was injured in an accident on April 22, 1995 while driving a car owned by Robinson and covered under the policy. It is undisputed the accident was not James' fault and that the other driver was uninsured.

Robinson secured a property damage judgment against the at-fault driver who hit James. Robinson then filed a claim for $642.08 for James' medical expenses under the medical payment coverage included in her automobile policy. GEICO denied the claim based on the named driver exclusion because James was driving. Robinson filed suit alleging the named driver exclusion applied only to liability coverage and that James was an insured under the medical payment coverage.

GEICO filed a motion to dismiss alleging the named driver exclusion is unambiguous and that the insurance policy did not cover accidents occurring while James was operating a covered vehicle. Attached to the motion was the named driver exclusion and a copy of the accident report showing James as driver. Robinson responded to the motion to dismiss by arguing that she asked her agent if the liability premium would be reduced by executing the named driver exclusion and that her medical payment premium was not reduced.[1] Robinson argued therefore that the named driver exclusion should not apply to claims for medical payment. The trial court granted GEICO's motion to dismiss and Robinson now appeals.

■ The Oklahoma Supreme Court has held that named driver exclusions are permitted by our compulsory liability statutes because often such an exclusion is the only way a family can afford the required insurance. *Pierce v. Oklahoma Property and Casualty Insurance Co.,* 901 P.2d 819, 823 (Okla.1995), *citing* 47 O.S.1991 § 7–601(B).[2]

---

**1.** Robinson states in her affidavit that she does not believe the premium for the medical payment coverage was reduced because she signed the named driver exclusion. Robinson has not submitted evidence of the rates she pays (except for her statement in her affidavit that the medical payment premium is $28.30) or the rates quoted to her before she asked to sign the named driver exclusion. Robinson also did not attach to her response the insurance policy under which she claimed that James was an insured.

**2.** Robinson contends that *Pierce* applies only to drivers excluded because of poor driving records. Robinson submitted James' driving record to demonstrate the exclusion was not because of his

In *Pierce* the Court stated that it was not addressing whether a named driver exclusion would be valid for uninsured motorist coverage, but the Court noted that several states have found such exclusions invalid to deny uninsured motorist coverage to an excluded driver. *Id.* at 823, note 3. *Also see Shepard v. Farmers Ins. Co.,* 678 P.2d 250 (Okla.1983) (insured authorized to exclude relative living in same household from uninsured motorist coverage where relative owns a vehicle).

Robinson alleges that medical payment insurance is similar to uninsured motorist coverage because fault is not at issue in those types of coverage. Robinson argues that the Oklahoma Supreme Court implied in *Pierce* that it would not find a named driver exclusion valid for uninsured motorist coverage. We need not decide whether such exclusions would be upheld against uninsured motorist coverage, however, because the coverage at issue in this case is medical payment coverage. Oklahoma requires insurers to offer uninsured motorist coverage, which furthers the public policy that insured motorists not suffer financially for the negligence of drivers who have failed to obtain compulsory liability insurance. 36 O.S.1991 § 3636. The Oklahoma Supreme Court has held that medical payment coverage is "manifestly distinct" from uninsured motorist coverage because insurance companies are not legally required to offer medical payment coverage and because medical payment coverage does not depend on injury being the result of the negligence of an uninsured driver. *Frank v. Allstate Insurance Co.,* 727 P.2d 577, 580 (Okla.1986) (holding medical payment coverage for multiple vehicles may not be stacked as uninsured motorist coverage may be). The Court in *Frank* accordingly declined to

extend the legislative mandate for uninsured motorist coverage to medical payment coverage. *Id.*

■■■■ Having determined that named driver exclusions as they relate to medical pay coverage, do not contravene public policy, the next question is whether the exclusion in this case is ambiguous. The parties to an insurance contract are free to restrict or limit an insurer's liability. *Shepard,* 678 P.2d at 251. Insurance contracts are to be construed according to their terms, unless an ambiguity is apparent. *Frank,* 727 P.2d at 579–580. Whether a contract is ambiguous is a question of law for the court. *Dodson v. St. Paul Ins. Co.,* 812 P.2d 372, 376 (Okla. 1991). The only portion of the policy included in the evidence before the trial court is the named driver exclusion. Its terms are unambiguous: "the insurance afforded by the policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by James Robinson." Although Robinson argues James was an insured under the policy and therefore entitled to payment for his medical claims, Robinson fails to appreciate that, under the clear, unambiguous language of the contract, the insurance does not apply when James is operating any vehicle. Necessarily then, whether James is an insured if he has the status of a passenger is irrelevant. The language: "the insurance afforded by the policy," cannot be read to mean anything less than all coverages afforded by the policy.[3] This is what Robinson bargained for in exchange for a lower premium.

Having found no material issue of material fact whether the insurance contract required GEICO to pay Robinson's medical payment claim for James' injuries, we affirm the trial

---

poor driving record. Although the exclusion in *Pierce* was based on the excluded driver's poor record, the Court reasoned "Our legislature realized that premiums might be too costly in some circumstances, and chose to allow the contracting parties to exclude specifically named individuals." 901 P.2d at 823. Such exclusions are valid because they may help families obtain compulsory insurance that might not otherwise have been affordable. *Id.* Robinson signed the exclusion in order to lower her premium because she had two teenaged drivers. Regardless of Robinson's motive she had the ability to contractually

exclude her two children as drivers in the insurance policy.

**3.** The Arizona Supreme Court found a similar named driver exclusion unambiguous in *Employers Mutual Cas. Co. v. McKeon,* 159 Ariz. 111, 765 P.2d 513, 515 (1988) (*en banc*). The court distinguished medical payments coverage from uninsured motorist coverage because the former was not mandatory while the latter was. It then held that the named driver exclusion abrogated the nonmandatory medical payments coverage. 765 P.2d. at 517.

court's decision to grant GEICO's motion to dismiss.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.