**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HORACE MANN INSURANCE
COMPANY, an Illinois Corporation,

Plaintiff-Appellee,

v.

ROXANNA MYERS, Personal
Representative of the Estate of
John W. Myers, Deceased;
ROXANNA MYERS, an individual;
ORVILLE E. MYERS, an individual,

Defendants-Appellants.

No. 96-6346
(D.C. No. CIV-95-1725-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Horace Mann Insurance Company brought this diversity action for declaratory judgment to ascertain its rights and obligations under an automobile insurance policy issued to defendants Roxanna Myers and Orville Myers. Defendant Roxanna Myers, as personal representative, made a claim under the policy for the death of the Myerses' minor son John W. Myers, who was killed while riding in a motor vehicle driven by Mr. Myers. The district court entered summary judgment, concluding that Oklahoma state law permits defendants to recover only the statutorily mandated minimum coverage amount of $10,000, rather than the $100,000 defendants claimed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The automobile insurance policy issued to defendants Roxanna Myers and Orville Myers contains an exclusion from coverage for members of the insureds' household, which applied to the decedent. The Myerses assert that the household members exclusion does not apply because it is invalid under Oklahoma law or, in the alternative, the insurance policy was ambiguous and therefore the question of their reasonable expectation of coverage presented a jury question. They also

argue that because the insurance coverage went into effect before they received a copy of the full policy, they are entitled to rely on the preliminary application documents which did not refer to the household member exclusion. Lastly, they maintain that the district court should have certified a question of law to the Oklahoma Supreme Court.

We review de novo the district court's summary judgment order, applying the same standards as the district court under Fed. R. Civ. P. 56(c). See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). There is no dispute that Oklahoma state law controls. In applying Oklahoma law, we afford no deference to the district court's legal rulings. See Salve Regina College v. Russell, 499 U.S. 225, 238-39 (1991).

The Myerses argue that summary judgment was inappropriate because the question of their reasonable expectations of insurance coverage was a jury question. Oklahoma has recognized the doctrine of reasonable expectations which applies where an insurance policy is ambiguous or contains "exclusions which are masked by technical or obscure language or which are hidden in policy provisions." Max True Plastering Co. v. United States Fidelity & Guar. Co., 912 P.2d 861, 863 (Okla. 1996). Contrary to defendants' argument, the question of whether the policy is ambiguous or contains obscure exclusions is for the court, not the jury, to decide. See id. at 865, 869. Based on our independent review of

the insurance policy, we hold that the policy is not ambiguous and the household members exclusion challenged here is not technical, obscure or hidden. Accordingly, the doctrine of reasonable expectations does not apply.

We turn to the Myerses' claim that the household members exclusion is void under Oklahoma law. In Nation v. State Farm Insurance Co., 880 P.2d 877 (Okla. 1994), a plurality held that a household exclusion is invalid up to the minimum limits of liability insurance required by Oklahoma statute as a condition of operating a motor vehicle. See id. at 877. Therefore, because the statutory minimum was $10,000, the automobile insurer was required to pay $10,000 on each policy. See id. at 878. We conclude that under Nation, the household exclusion limits defendants' recovery to $10,000. See Pierce v. Oklahoma Property & Cas. Ins. Co., 901 P.2d 819, 821 (Okla. 1995) ("In [Nation], we invalidated, to the extent of the minimum coverage required by statute, an exclusion which omitted from coverage all resident members of a household.").

The Myerses next argue that the policy was improperly amended from the time of the application to the time the actual policy was mailed to them. They do not dispute plaintiffs' statement that the application stated that the policy booklet superseded the application binder. Therefore, defendants are bound by the policy.

Finally, we find no abuse of discretion in the district court's refusal to certify a question to the Oklahoma Supreme Court because we conclude that summary judgment was appropriate under prevailing Oklahoma state law. See Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990) (decision to certify question to state supreme court is within discretion of federal district court).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


Entered for the Court


William F. Downes
District Judge