**Kirk MILLER By and Through his mother and next of friend, Joan Miller Haney, Appellant,**

v.

**SILVEY COMPANIES, Appellee.**

**No. 79–1637.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 19, 1979.

Decided Dec. 26, 1979.

---

Elmer C. Oberhellmann, St. Louis, Mo., for appellant.

John L. Harlan, Jr., Harlan & Harlan, Brentwood, Mo., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Defendant insurance company issued Joan Miller Haney two automobile policies, both of which provided uninsured motorist protection as required by Missouri law, Mo. Rev.Stat. § 379.203. The policies also contained the following endorsement:

> In consideration of the continuation of this policy by the Company, it is hereby agreed that no coverage is provided and the Company shall not be liable for loss, damage, and/or liability caused while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated by the following named person: Gary R. Haney and Kirk D. Miller

According to plaintiff, on October 23, 1977 Kirk D. Miller, then fifteen, attempted to avoid a collision with an uninsured motorist, who was operating another motorcycle, when he lost control of the motorcycle he was operating, and the two motorcycles collided. Plaintiff Kirk D. Miller suffered serious and permanent injury. He brought suit by and through Joan Miller Haney, his mother and next friend, seeking compensation for his injuries and for medical services and her loss of his services based on the insurance policies which were in force on the day of the accident.

The district court[1] granted defendant's motion for summary judgment and plaintiff appeals claiming the district court erred in holding the endorsement valid and not against public policy. As recognized by the district court, the Missouri Court of Appeals has upheld contractual limits of liability. Citing *Surface v. Ranger Ins. Co.*, 526 S.W.2d 44 (Mo.App.1975). And plaintiff cites no Missouri cases holding that public policy dictates that an insurance company must provide uninsured motorist coverage for accidents arising from the operation of a motorcycle by a fifteen year old child specifically excluded from coverage by his parents' policy. Plaintiff cites cases from other jurisdictions which would support reversing the district court. But Missouri has recognized dissimilarity between the Missouri statute and the uninsured motorist statutes of other states. *Otto v. Farmers Ins. Co.*, 558 S.W.2d 713, 718 (Mo.App.1977). Missouri precedent supports the conclusion of the district court that the endorsement was valid, enforceable and not in violation of public policy. *See Surface v. Ranger Ins. Co., supra; Barton v. American Family Mut. Ins. Co.*, 485 S.W.2d 628 (Mo.App. 1972).

Plaintiff suggests *Barton* was wrongly decided and contrary to decisions of other jurisdictions in cases more like the instant case than *Barton*. But we are not disposed to disregard Missouri precedent, and giving due regard to the decision of the learned and experienced district judge on this issue of state law we reject plaintiff's arguments.

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

The summary judgment for defendant is affirmed.