Shannon H. O'BRIEN, Appellant,

v.

Jacob Ray DORROUGH, Defendant,

and

Equity Fire and Casualty Co., Appellee.

No. 86555.

Court of Appeals of Oklahoma,
Division No. 3.

March 26, 1996.

Certiorari Denied Oct. 29, 1996.

John R. Hargrave, Michael S. Ryan, Oklahoma City, for Appellant.

Mark E. Bialick, Regina K. McNeill, Katherine Taylor Loy, Oklahoma City, for Appellee.

## OPINION

HANSEN, Presiding Judge:

Appellant, Shannon H. O'Brien (O'Brien), seeks review of the trial court's order which granted the motion for summary judgment of Appellee, Equity Fire & Casualty Co. (Equity), and which denied Appellant's motion for summary judgment. O'Brien brought this negligence action against Defendant Dorrough for injuries she sustained when the vehicle Dorrough was driving collided with a vehicle being driven by O'Brien. The trial court found the accident was caused by the negligence of Dorrough and that Dorrough was an uninsured motorist. In a May 10, 1993, judgment, O'Brien was awarded $50,-000.00 in damages against Dorrough. One year later, O'Brien filed her first amended petition wherein she added Equity as a defendant, seeking $50,000.00 from Equity under an uninsured motorist insurance policy. The parties filed a joint stipulation of facts and motions for summary judgment. Review of the trial court's judgment is before us under the accelerated procedure provided in

Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2.[1]

The joint stipulation of facts provides in part:

1. On or about May 27, 1990, a collision occurred between vehicles driven by Plaintiff and Defendant Dorrough.

2. A cause of action was filed by Plaintiff against Defendant Dorrough on October 2, 1991, alleging negligence in connection with the May 27, 1990 collision.

3. On May 10, 1993, the District Court of Seminole County entered judgment against Defendant Dorrough and awarded Plaintiff $50,000.00 in damages.

4. In its May 10, 1993 Journal Entry of Judgment, the Court found that Defendant Dorrough was an uninsured motorist.

5. Dwight B. Lively, the owner of the vehicle driven by Plaintiff at the time of the collision, was the named insured under Equity Fire and Casualty Company automobile insurance policy No. N35–12–9558, which had an effective period of February 1, 1990 through August 1, 1990. A copy of said policy is attached as Exhibit "A".

6. Said policy no. N35–12–9558 contained a "named driver exclusion" provision that reads as follows:

> It is agreed that the insurance afforded by this policy shall not apply with respect to any loss arising from any occurrence while any automobile is being operated by or in the care, custody or control of Shannon O'Brien.

7. Pursuant to the above named driver exclusion, the parties agree that no premium was paid by the insured for liability insurance coverage that extended to Shannon O'Brien; however, the parties disagree as to whether the premium paid by the insured would extend coverage to Shannon O'Brien under the Uninsured Motorist Coverage provision of the policy.

8. Said policy No. N35–12–9558, issued to Dwight B. Lively, included Uninsured Motorist coverage.

---

1. This Court granted Appellant's request for leave to apply to the trial court to amend the record transmitted to this Court pursuant to Rule 1.24, Rules of Appellate Procedure. Appellant obtained an Order Amending the Record Trans-

mitted to the Supreme Court Nunc Pro Tunc on March 5, 1996 and filed same with this Court on March 15, 1996. This appeal will proceed on the amended record now before us.

9. Plaintiff did not maintain a separate insurance policy covering her or the vehicle involved in the collision at issue.

\* \* \* \* \* \*

O'Brien maintains she is entitled to UM benefits under her father's [2] auto policy, even though she is the excluded driver, because 1) application of the named driver exclusion to UM coverage would violate public policy and 2) because the named driver exclusion is an impermissible method to reject UM coverage. In her reply to Equity's motion, O'Brien states she is not asking this Court to completely void the named driver exclusion, but to void it only to the extent that it would deny her coverage under the UM portion of the policy.

■ An insurance policy is a contract. *Silver v. Slusher,* 770 P.2d 878, 883 (Okla. 1988); 36 O.S.1991, § 102.[3] The rights of the parties to an automobile liability insurance contract spring entirely from the contractual relationship as established and limited by the policy provisions. *United States Fidelity and Guaranty Company v. Walker,* 329 P.2d 852 (Okla.1958). "In Oklahoma, a contract violates public policy only if it clearly tends to injure public health, morals or confidence in administration of law, or if it undermines the security of individual rights with respect to either personal liability or private property." *Shepard v. Farmers Insurance Company, Inc.,* 678 P.2d 250, 251 (Okla.1983); 15 O.S.1991, § 211.[4] Courts should exercise their power to nullify contracts which contravene public policy "only rarely, with great

caution and in cases that are free from doubt". *Shepard,* at 251.[5]

■ Although other jurisdictions have decided the issue now before us, the issue of whether a named driver exclusion violates the public policy of the uninsured motorist laws, has not been determined by our Supreme Court.[6] In the recent case of *Pierce v. Oklahoma Property and Casualty Insurance Company,* 901 P.2d 819 (Okla.1995), the Oklahoma Supreme Court determined that a named driver exclusion does not violate Oklahoma's public policy regarding compulsory *liability* insurance and that the insurance contract, by its express language, operates to bar any liability on behalf of the insurer. The Court cited decisions from other states with statutes similar to Oklahoma that have upheld the named driver exclusions, noting that named driver exclusions "ensure continued coverage of an automobile where the driving record of a household member warrants non-issuance or cancellation." *Pierce,* at 822. The Court noted the last sentence of 47 O.S.1991, § 7–601(B) "contemplates situations in which the owner of the vehicle obtains insurance which specifically excludes a named individual". *Pierce,* at 822. The Court further stated:

We hold that a named driver exclusion which is based on the poor driving record of the excluded individual is consistent with our compulsory liability insurance laws. Our legislature realized that premiums might be too costly in some circumstances, and chose to allow the contracting parties to exclude specifically named individuals. By doing so the legislature al-

---

2. Appellant O'Brien is Dwight Lively's stepdaughter. In his affidavit, Lively, the named insured under the policy, admits executing the named driver endorsement on May 1, 1989, which was prior to the effective date of the policy which is February 1, 1990 through August 1, 1990.

3. 36 O.S.1991, § 102 provides: "Insurance" is a contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies.

4. 15 O.S.1991, § 211 provides:
   Those contracts are unlawful which are:
   1. Contrary to an express provision of law.
   2. Contrary to the policy of express law, though not expressly prohibited; or,
   3. Otherwise contrary to good morals.

5. In *Shepard,* the Oklahoma Supreme Court determined a clause in a contract of automobile insurance which denies coverage for a relative of the insured living in the same household if such relative or his/her spouse owns an automobile, was not void as unconscionable or against the public policy expressed in Oklahoma's Uninsured Motorist Act, 36 O.S.1981, § 3636.

6. For a compilation of decisions from other jurisdictions, see Annot., 33 ALR5th 121 (1995), *Validity, Construction, and Application of "Named Driver Exclusion" in Automobile Insurance Policy.*

lowed for families to obtain insurance that might not otherwise have been affordable. We believe that our public policy of requiring liability insurance is not offended by this limitation.

*Pierce*, at 823. Thus, in Oklahoma, a named driver exclusion does not violate the public policy behind the compulsory liability laws. The Court noted in a footnote, that it was not there faced with the issue of whether such exclusion is valid when uninsured or underinsured motorist benefits are in question. *Pierce*, nt. 3, pg. 823.

Other jurisdictions whose UM statutes *provide for the rejection of UM coverage* have concluded named driver exclusions which operate to bar UM coverage do not violate public policy. *McCullough v. Standard Fire Insurance Company of Alabama*, 404 So.2d 637 (Ala.1981); *Fountain v. Atlanta Casualty Company*, 204 Ga.App. 165, 419 S.E.2d 67 (1992); *Lopez v. Dairyland Insurance Company*, 890 P.2d 192 (Col.App.1994); *State Farm Automobile Insurance Company v. Kiehne*, 641 P.2d 501 (1982); and *Nationwide Mutual Insurance Company v. Miller*, 305 Md. 614, 505 A.2d 1338 (App.1986).[7] As noted in *Pierce*, some jurisdictions have reached a different result.[8]

■ In Oklahoma, uninsured motorist coverage must be provided in any policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle. 36 O.S.Supp.1989, § 3636(A). In this respect, UM coverage has been referred to as "mandatory". *State Farm Mutual Automobile Insurance Company v. Wendt*, 708 P.2d 581, 582 (Okla.1985). However, the named insured has the right to reject entirely such uninsured motorist coverage if the rejection is in writing. 36 O.S.Supp.1989, § 3636(F). The purpose of UM coverage is to place *the insured* in the same position as if the negligent uninsured motorist had complied with the Oklahoma laws concerning financial responsibility. *McSorley v. Hertz Corporation*, 885 P.2d 1343 (Okla.1994).

■ 36 O.S.Supp.1989, § 3636(B) provides that uninsured motorist coverage shall be provided "for the *protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom". O'Brien maintains she is an insured under the contract in that the terms "you, your and yourself" as used in the policy mean "a family member who is a resident of the household and who doesn't own a car." Dwight Lively's affidavit states O'Brien is his stepdaughter and was living in his home on the date of the accident. There is no evidentiary material in the record regarding whether O'Brien owned a car.

The named driver exclusion provides that *"the insurance afforded by this policy* shall not apply with respect to *any loss arising from any occurrence* while any automobile is being operated by or in the care, custody or control of Shannon O'Brien". Whether the terms of an insurance contract are ambiguous is a matter of law for the court to determine. *Phillips v. Estate of Greenfield*, 859 P.2d 1101 (Okla.1993). We hold this language is clear and unambiguous.[9] In their joint stipulation of facts, the parties state the policy issued to Lively included UM coverage. Because uninsured motorist insurance was provided in the policy, it falls within the language of the named driver exclusion which provides that "the insurance afforded

---

7. See also *Miller v. Silvey Companies*, 610 F.2d 565 (8th Cir.1979), construing Missouri law.

8. See *Atlanta Casualty Company v. Payne*, 603 So.2d 343 (Miss.1992) (Named driver exclusion conflicted with statute which required UM coverage but allowed for rejection of UM coverage); *Employers Mutual Casualty Company v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988) (Named driver exclusion which excluded insureds' son from UM coverage was contrary to public policy and void. UM coverage is *mandatory* under Arizona law, i.e. it cannot be rejected); and *State Farm*

*Mutual Automobile Insurance Company v. Washington*, 641 A.2d 449 (Del.1994) (Named driver exclusion conflicted with statute which required UM coverage but allowed for rejection of UM coverage).

9. In *Pierce, supra*, the named driver exclusion provided: "As a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that *the policy* to which this endorsement is attached *shall not be in force and effect while any motor vehicle* which would be

by this policy" shall not apply with respect to *any loss.*[10] Although O'Brien might have been an "insured" under the policy without the named driver exclusion, the exclusion effectively nullified any and all insurance coverage *while she was operating or in the care, custody or control of the vehicle.*[11] The purpose of uninsured motorist coverage is to compensate innocent *insureds.* O'Brien was not an insured because when she was operating the automobile, the insurance provided by the policy, including UM insurance, was not in effect.

In the present case, Lively and Equity contracted that the insurance afforded by the policy would not apply with respect to any loss arising from any occurrence while O'Brien operated a vehicle. The premium paid for the policy is based in part on the risks Equity is indemnifying. O'Brien admits Equity could rightfully exclude the risks associated with her negligence and that the named driver exclusion is effective to insulate Equity for UM coverage only in situations where she has been determined to be negligent. She contends the exclusion should not apply in this case because the exclusion was meant to exclude risks associated with *her* negligence while driving, and since in this case Defendant Dorrough was the negligent party, she should be considered an "insured" for UM purposes only. We believe this is a strained construction of this named driver exclusion. According to the plain language of the exclusion, it is not limited in its effec-

tiveness to situations where the named excluded driver was operating or in the care, custody or control of the automobile and the named driver was negligent. Parties to an insurance contract are at liberty to contract for insurance to cover such risks as they see fit and this Court will not undertake to re-write the terms thereof. *Phillips v. Estate of Greenfield,* 859 P.2d 1101, 1104 (Okla. 1993).

Section 3636 requires automobile policies to include uninsured motorist coverage unless an insured rejects it. Because the failure of a motorist to carry any uninsured motorist coverage *at all* does not violate the expressed public policy of this state, we refuse to hold that this named driver exclusion, which excludes UM coverage as to only one named individual, violates public policy. Summary judgment is appropriate where there are no disputed facts and a party is entitled to judgment as a matter of law. *Hargrave v. Canadian Valley Electric Cooperative,* 792 P.2d 50, 55 (Okla.1990). The trial court's judgment which denies O'Brien's motion for summary judgment and which grants Equity's motion for summary judgment is AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.

---

covered by this policy *is being operated by the following named person(s)."* See also *Lopez v. Dairyland Insurance Company,* 890 P.2d 192 (Colo.App.1994) (named driver exclusion provided the policy would not provide "any insurance" when the vehicle was driven by "X") and *State Farm Automobile Insurance Company v. Kiehne,* 97 N.M. 470, 641 P.2d 501 (1982) (named driver exclusion provided insurer shall not be liable and no liability or obligation of any kind shall attach to the company for losses sustained while an insured vehicle is driven or operated by "X").

10. We reject O'Brien's contention the language of the exclusion is made ambiguous because it did not specifically mention "uninsured motorist coverage" or the word "rejection". She has cited us no authority for her position 36 O.S.Supp.1989, § 3636(F) requires the named insured's rejection of UM coverage to include the word "rejection". We note that the current version of 36 O.S.Supp.1994, § 3636(H) does pro-

vide a form for the offer of UM coverage which includes the option of rejection. Because the named driver exclusion is unambiguous, parol evidence is not admissible. *Mercury Investment Company v. F.W. Woolworth Company,* 706 P.2d 523 (Okla.1985). The statement by Lively in his affidavit, that he understand the endorsement to only exclude O'Brien from liability coverage when she is driving, cannot be considered.

11. O'Brien states the named driver exclusion does not totally exclude her from UM coverage because if she were a pedestrian or passenger, she would be an insured. First, there is insufficient evidentiary material before this Court to determine whether O'Brien would indeed be entitled to UM benefits under this policy had she not been driving a covered vehicle. Second, whether she would be covered in such a situation is an abstract question which has no application to the facts of this case.