OSCN Found Document:Question Submitted by: The Honorable Leslie Osborn, State Representative, District 47

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Leslie Osborn, State Representative, District 47
2014 OK AG 2
Decided: 02/06/2014
Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 2, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does 36 O.S.2011, § 4430, governing approval of renewal premium increases for certain long-term care insurance policies, authorize the Oklahoma Insurance Commissioner to approve renewal premium increases for long-term care insurance policies that were approved for issue or delivery on or after November 1, 2001?
I.
Introduction 
¶1 Long-term care insurance in Oklahoma is governed by the portion of the Oklahoma Insurance Code known as the Long-Term Care Insurance Act. 36 O.S.2011, §§ 4421 - 4430. The Legislature enacted the Long-Term Care Insurance Act to, in part, promote the availability of long-term care insurance policies, to protect applicants from unfair or deceptive sales or enrollment practices and to establish standards for long-term care insurance. Id. § 4422. Generally, the Act applies to policies delivered or issued for delivery in Oklahoma on or after November 1, 1987. Id. § 4423(A). Long-term care insurance includes group and individual health policies which provide coverage for long-term care. Id. § 4424(1)(b). The term also includes policies which provide for payment for long-term care benefits based on cognitive impairment or loss of functional capacity. Id. § 4424(1)(c). The Long-Term Care Insurance Act governs such matters as requirements of long-term care policies, id. § 4426, rescission or denial of claims, id. § 4426.1, the option to purchase nonforfeiture benefits, id. § 4426.2 and suitability standards, id. § 4429.
¶2 In addition to the statutes governing long-term care insurance, the Oklahoma Insurance Commissioner, pursuant to his authority, has promulgated a number of administrative rules governing long-term care insurance. OAC 365:10-5-40 - 10-5-56.
II.
Section 4430 of Title 36 Does Not Apply to Policies or Certificates Issued or Approved For Delivery on or After November 1, 2001.
¶3 You specifically ask whether 36 O.S.2011, § 4430 authorizes the Oklahoma Insurance Commissioner to approve renewal premium increases on long-term care insurance polices that were approved for issue or delivery on or after November 1, 2001. The statute in question provides:


A. Upon approval of the Insurance Commissioner, an insurer may charge an increased renewal premium upon showing that the increase is necessary because of utilization of policy benefits in excess of the expected rate.
B. 1. This section does not apply to life insurance policies or riders containing accelerated long-term care benefits.
2. For certificates issued or delivered on or after November 1, 1995, under a group long-term care insurance policy as defined in Section 4424 of this title, which policy was in force on November 1, 1995, the provisions of this section shall not apply.
3. This section does not apply to policies or certificates approved for issue or delivery on or after November 1, 2001.


Id. The specific language of the statute states that "[t]his section does not apply to policies or certificates approved for issue or delivery on or after November 1, 2001." Id. § 4430(B)(3).[1] The statute is, however, applicable to other policies. By its terms it applies to those policies or certificates approved for issue or delivery before November 1, 2001, that do not fall within the two exceptions at (B)(1) and (B)(2). It establishes the showing required for the Insurance Commissioner to approve an increased renewal premium for those policies to which the statute applies. The plain language makes clear that Section 4430 simply does not apply to policies or certificates approved for issue or delivery on or after November 1, 2001.
¶4 Thus, the answer to your question is that while Section 4430 establishes the showing required for the Insurance Commissioner to approve certain premium renewal increases, it does not apply to policies or certificates approved for issue or delivery on or after November 1, 2001.
¶5 This raises the question of whether the Insurance Commissioner has the authority to approve premium renewal increases for policies or certificates approved for issue or delivery on or after November 1, 2001. To find that the Insurance Commissioner is without authority to approve premium renewal increases for policies or certificates approved for issue or delivery on or after November 1, 2001, we would have to view this section of the Long-Term Care Insurance Act in a vacuum without considering other laws or administrative rules governing long-term care insurance. This would be contrary to established rules of statutory construction as statutes are not to be viewed in isolation. McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998) ("In the interpretation of statutes, courts do not limit their consideration to a single word or phrase in isolation to attempt to determine their meaning, but construe together the various provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention and will, and attempt to avoid unnatural and absurd consequences."). Thus, we look to the body of law governing insurance in general and long-term care insurance specifically to determine whether the Insurance Commissioner has the authority to approve renewal premium increases on policies or certificates approved for issue or delivery on or after November 1, 2001.
III.
The Oklahoma Insurance Commissioner May Approve Renewal Premium Increases For Long-Term Care Policies or Certificates Approved For Issue or Delivery on or After November 1, 2001. 
¶6 "Insurance" is defined by the Oklahoma Insurance Code as "a contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies." 36 O.S.2011, § 102. The rights of the parties, including the right to increase premiums, arise from the contractual relationship as established and limited by the provisions of the insurance policy. O'Brien v. Dorrough, 928 P.2d 322, 324 (Okla. Civ. App. 1996); United States Fid. & Guar. Co. v. Walker, 329 P.2d 852, 854 (Okla. 1958). Thus, the terms of the policy govern the services to be provided, the premiums to be paid and the requirements for renewal of such policies. Premiums may be increased if the policy allows for such and the specific terms of the policy must be examined to determine whether an increase in premiums is authorized.
¶7 Your question does not relate to the ability of an insurer to increase premiums but to the authority of the Oklahoma Insurance Commissioner to approve such increases. In Oklahoma, the authority of the Insurance Commissioner to approve renewal premium increases for long-term care policies is established by statute for certain policies and by administrative rule for others. In addition to the general authority to adopt rules,[2] the Insurance Commissioner is granted specific authority to adopt rules to implement the provisions of the Long-Term Care Insurance Act, specifically including terms of renewability. Id. § 4427. That statute provides: 


The Insurance Commissioner may adopt rules to implement the provisions of the Long-Term care Insurance Act. The Commissioner may adopt rules that apply to all providers of long-term care insurance coverage, whether or not a provider is otherwise subject to the provision of the Insurance Code, and that include, but are not limited to, standards for full and fair disclosure setting forth the manner, content, and required disclosure for the sale of long-term care insurance policies, terms of renewability . . . .


Id. § 4427(A) (footnotes omitted). 
¶8 In 2001, the Legislature amended a number of statutes governing insurance, including 36 O.S.2011, § 4430, discussed above, which is applicable to the approval of long-term care insurance premium renewal increases. 2001 Okla. Sess. Laws, ch. 363, § 21. The amendment narrowed the policies to which the approval process in Section 4430 applied, providing, among other exceptions, that the approval process of that statute did not apply to policies or certificates approved for issue or delivery after November 1, 2001. During that same legislative session, a number of rules promulgated by the Insurance Commissioner governing premium renewal increases were adopted, including a rule applicable to those policies to which Section 4430 did not apply. See 18 Okla. Reg. 1277 (May 1, 2001). 
¶9 As part of the change in the law in 2001, a specific rule was promulgated to govern premium rate schedule increases. OAC 365:10-5-47.1 (2001). This rule specifically applies to rate increases for any long-term care policy or certificate issued on or after November 1, 2001. OAC 365:10-5-47.1(a)(1). The rule applies to these policies or certificates to which Section 4430 specifically does not apply and provides authority for approval of premium rate increases on these policies or certificates. 
¶10 The rule establishes a procedure for approval of premium rate schedule increases by the Insurance Commissioner. Insurers are required to provide notice of a pending rate schedule increase to the Insurance Commissioner at least 60 days prior to the notice to the policyholders. OAC 365:10-5-47.1(b). That notice is to contain certain information including actuarial certification, disclosure of how reserves have been incorporated into the rate increase, disclosure of the analysis performed to determine why a rate adjustment is necessary and "[s]ufficient information for review and approval of the premium rate schedule increase by the commissioner." OAC 365:10-5-47.1(b)(5). 
¶11 The rule at OAC 365:10-5-47.1(b)(4) specifically requires inclusion in the notice of "[a] statement that renewal premium rate schedules are not greater than new business premium rate schedules except for differences attributable to benefits, unless sufficient justification is provided to the commissioner[.]" Id. This rule establishes an extensive list of requirements by which premium rate schedule increases may be determined. OAC 365:10-5-47.1(c).[3]
¶12 This rule is consistent with the powers of the Insurance Commissioner to regulate long-term care insurance statute and is not contrary to statute. See Adams v. Prof'l Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974) (an administrative agency may not exceed the scope of its authority and act contrary to the statute which is the source of rulemaking authority). It establishes the process by which the Insurance Commissioner may approve renewal premium increases for long-term care policies or certificates issued on or after November 1, 2001. The fact that Section 4430 does not apply to these policies is of no consequence as Section 4430 applies to certain policies issued before November 1, 2001, and is not a general grant of authority to the Insurance Commissioner to approve premium renewal increases.


¶13 It is, therefore, the official Opinion of the Attorney General that:
1. Insurance policies are contracts between an insurer and an insured and the terms of the policy govern the services to be provided, the premiums to be paid and the terms of renewal, including renewal premium increases. See O'Brien v. Dorrough, 928 P.2d 322, 324 (Okla. Civ. App. 1996).
2. Title 36 O.S.2011, § 4430, governing approval by the Insurance Commissioner of renewal premium increases for certain long-term care insurance policies, does not apply to policies or certificates approved for issue or delivery on or after November 1, 2001. As such, this provision does not prohibit the Insurance Commissioner from approving renewal premium increases for those policies.
3. The Insurance Commissioner has specific authority to adopt rules to implement the provisions of the Long-Term Care Insurance Act, including terms of renewability for insurance policies and has promulgated rules governing the process for approval of renewal premium increases for policies or certificates approved for issue or delivery on or after November 1, 2001. 36 O.S.2011, § 4427(A).
4. The process for approval by the Insurance Commissioner of policies or certificates approved for issue or delivery on or after November 2001 is set forth at OAC 365:10-5-47.1.


E. SCOTT PRUITT
Attorney General of Oklahoma
SANDRA D. RINEHART
Senior Assistant Attorney General 
FOOTNOTES
[1] Section 4430 has been amended a number of times since its enactment. When the provision was enacted in 1995, the statute provided:
A. 1. An insurer may not charge a renewal premium rate for a long-term care insurance policy which exceeds by more than fifteen percent (15%) any premium charged for the policy during the preceding twelve (12) months.
2. Upon approval of the Insurance Commissioner, an insurer may charge a renewal premium exceeding the fifteen percent (15%) increase provided for in paragraph 1 of this subsection upon showing that a larger increase is necessary because of utilization of policy benefits in excess of the expected rate. 
B. 1. This section does not apply to life insurance policies or riders containing accelerated long-term care benefits.
2. For certificates issued on or after the effective date of this act, under a group long-term care insurance policy as defined in Section 4424 of Title 36 of the Oklahoma Statutes, which policy was in force at the time this act became effective, the provisions of this section shall not apply.
1995 Okla. Sess. Laws ch. 244, § 4. In 2001, the Legislature amended the statute to make minor changes to subsection (B)(1) and to add what is now (B)(3) providing that "[t]his section does not apply to policies or certificates issued or delivered on or after November 1, 2001." 2001 Okla. Sess. Laws ch. 363, § 21. Minor changes were made in 2002. 2002 Okla. Sess. Laws ch. 307, § 31. In 2009, the statute was amended to read as it stands today. 2009 Okla Sess. Laws ch. 176, § 32. 
[2] "The Commissioner may adopt reasonable rules and regulations for the implementation and administration of the provisions of the Insurance Code." 36 O.S.2011, § 307.1. 
[3] The Insurance Commissioner has promulgated OAC 365:10-5-44, requiring that long-term care policies or certificates issued in this state on or after November 1, 2001, other than those exempted from the rule shall include a statement that premium rate increases may change. "Such provision shall be appropriately captioned, and shall appear on the first page of the policy." OAC 365:10-5-44(a). The Commissioner has also provided a form at Appendix DD to provide information to long-term care policy applicants regarding premium rate schedules, rate schedule adjustments, potential rate revisions and policyholder options in the event of a rate increase. That form requires that certain information be provided, including information of the premium rate that is applicable and that will be in effect until a request is made and either filed or approved for an increase. OAC 365:10, app. DD. 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 25, 928 P.2d 322, 67 OBJ 3574, O'Brien v. Dorrough,
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1958 OK 145, 329 P.2d 852, UNITED STATES FIDELITY AND GUARANTY CO. v. WALKER
Cited
 1974 OK 88, 524 P.2d 932, ADAMS v. PROFESSIONAL PRACTICES COMMISSION
Cited
 1998 OK 2, 953 P.2d 329, 69 OBJ 208, McNEILL v. CITY OF TULSA
Cited
Title 36. Insurance
 Cite
Name
Level

 36 O.S. 102, "Insurance" Defined
Cited
 36 O.S. 307.1, Adoption of Rules and Regulations
Cited
 36 O.S. 4421, Short Title
Cited
 36 O.S. 4427, Adoption of Rules and Regulations - Fine for Violations - Compliance with Procedures
Cited
 36 O.S. 4430, Charge for Renewal Premium Rate for Long-Term Care Insurance Policy
Discussed at Length